■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WARD, Appellant.—Appeal, by permission, from an order of the County Court of Schenectady County, entered September 29, 1975, which denied, after a hearing, defendant's motion to vacate a judgment of said court, rendered December 10, 1973, convicting him of criminal possession of stolen property in the second degree. County Court, following a hearing, denied defendant's motion to vacate judgment pursuant to CPL 440.10 on the ground that one of the jurors at his trial was prejudicial against him. The determinative question presented in the instant case is whether defendant established by a preponderance of the evidence (CPL 440.30, subd 6) his allegation as to an incident which purportedly occurred between defendant and the juror some 10 years prior to the hearing. If this allegation had been established, defendant would have unquestionably been entitled to a new trial *(People v Leonti,* 262 NY 256; *People v Harding,* 44 AD2d 800; *People v Bishop,* 66 App Div 415). The trial court, however, found defendant had not met his burden and on the instant record we find no basis to disturb this determination as contrary to the weight of the evidence. The issue of credibility should here be properly left to the trial court who heard the testimony presented *(People v Benham,* 160 NY 402). Order affirmed, Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of DORRIT A. COWAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 1975, which held that she was not totally unemployed under the Special Unemployment Assistance Program. The record contains evidence that the claimant (a college instructor) was hired on an annual basis and that the term thereof did not expire until August 31, 1975. It is undisputed that although she was advised in April of 1975 that her contract would not be renewed, she continued to receive her weekly payments until August of 1975. The record contains substantial evidence to support the board's determination that she was not totally unemployed as of May 26, 1975 which was the last date she performed services for the employer *(Matter of Utter [Levine],* 52 AD2d 994). We do not construe the Federal extension of benefits as mandating that employees of educational institutions are eligible for benefits upon being notified that their contracts will not be renewed for a successive period of employment. The board's decision is not arbitrary or contrary to law. Decision affirmed, without costs. Koreman, P. J., Main, Larkin, Herlihy and Reynolds, JJ., concur.