■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK D. FUSILLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered May 20, 1982, convicting him of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence *as a second felony offender*. Judgment modified, as a matter of discretion in the interest of justice, defendant's adjudication as a second felony offender and the sentence imposed thereon are vacated, and the case is remitted to the Supreme Court, Suffolk County, for a new determination as to defendant's status as a second felony offender, and for resentencing. As so modified, judgment affirmed. Although the People submitted three statements pursuant to CPL 400.21 alleging that defendant was a second felony offender, based upon his Florida State conviction, his Louisiana State conviction, and his conviction in the United States District Court, respectively, defendant was adjudicated a second felony offender based solely upon his purported conviction in the United States District Court of possession of cocaine with intent to distribute. In the proceedings before the trial court, defendant did not contest the allegation that he had been convicted of possession of cocaine with intent to distribute, and, therefore, is deemed to have admitted the same (see CPL 400.21, subd 3). After defendant was sentenced as a second felony offender, he realized that his conviction in the United States District Court was not for possession of cocaine with intent to distribute, but, rather, was for the importation of cocaine. Thus, the People now acknowledge that "it would appear that the predicate felony conviction was improvidently entered based on" that conviction in the United States District Court. In view of the foregoing, defendant's adjudication as a second felony offender and the sentence imposed thereon are vacated in the interest of justice, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination as to whether defendant is a second felony offender based on either of his sister State convictions, and for resentencing. We further note that defendant's motion to set aside the jury verdict, based on hearsay allegations of juror misconduct, was properly denied without a hearing (see *People v Friedgood*, 58 NY2d 467). We have considered defendant's remaining contentions, and find that none of those contentions would warrant reversal. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.