■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHANER, Appellant.—Judgment of the Supreme Court, New York County (Brenda Soloff, J., at plea; Carol Arber, J., at sentence), rendered February 13, 1986, convicting defendant, upon his guilty plea, of criminal possession of stolen property in the second degree and sentencing him, as a second felony offender, to a term of from 1½ to 3 years, is unanimously modified, on the law, to reverse and vacate the sentence and remand for resentencing, and otherwise affirmed.

Defendant was sentenced as a predicate felon on the basis of two prior convictions in Pennsylvania for the offense of "burglary of a residence" (18 Pa Cons Stat Annot § 3502). However, as conceded by the People, there is no element in the Pennsylvania statute comparable to the element in the analogous New York statute that an intruder "knowingly" enter or remain unlawfully in the premises (Penal Law § 140.20). The absence of this scienter requirement from the Pennsylvania burglary statute renders improper the use of these Pennsylvania burglary convictions as the basis of defendant's predicate felony adjudication *(see, People v Gonzalez,* 61 NY2d 586, 589).

Since defendant has an extensive criminal record with other felony convictions which may support an adjudication as a predicate felon, we remand for resentencing. Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Smith, JJ.