■ The People of the State of New York, Respondent, v Kenneth Darnell, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 23, 1986, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying suppression of identification testimony based upon the employment of impermissibly suggestive pretrial identification procedures is without merit. A pretrial identification procedure may be considered impermissibly suggestive and, therefore, violative of due process, only when it is the result of improper conduct by law enforcement officials (see, People v Marshall, 91 AD2d 643). The record here clearly establishes that the witnesses' initial viewings of the defendant's photograph in the newspaper in connection with an unrelated

incident occurred without police involvement, and therefore may not be considered suggestive *(see, People v Whitaker,* 126 AD2d 688; *People v Marshall,* 91 AD2d 643, *supra).* The second viewing of the photograph by the witnesses was merely confirmatory, and not an identification *(see, People v Whitaker, supra,* at 689). Furthermore, the hearing court's determination that both the photographic array and the lineup viewed by the eyewitnesses were not unduly suggestive is supported by the weight of the evidence and will not be disturbed. We note that the inconsistencies in the witnesses' identification testimony go to the weight to be accorded it, and not to its admissibility.

The defendant also contends that he was denied his right to the effective assistance of counsel because his attorney failed to move to dismiss the indictment on the basis that he was denied his right to a speedy trial. The record reveals that the defendant twice tried, unsuccessfully, to submit a *pro se* motion to dismiss the indictment on this basis. However, there is nothing in the record to indicate why counsel did not thereafter move to dismiss the indictment on the defendant's behalf. Nor are we able to determine on the record before us whether the defendant had a colorable claim with respect to the denial of a speedy trial. Thus, we are unable to review the defendant's claim of ineffective assistance of counsel and the defendant's remedy, if he be so advised, is to make a written motion pursuant to CPL 440.10 before the County Court to vacate the judgment against him on the ground that he was denied the effective assistance of counsel or a speedy trial.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.