■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BELLAMY, Appellant.—

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Since none of the comments made by the prosecutor during his summation were objected to by defense counsel, any error in this regard has not been preserved for appellate review (CPL 470.05 [2]; People v Dordal, 55 NY2d 954). In any event, we find that the comments now complained of did not deprive the defendant of a fair trial (People v Galloway, 54 NY2d 396).

Nor was the defendant deprived of a fair trial by the police department's destruction of a .22 caliber shell casing found at the crime scene. The record fails to demonstrate any evidence of bad faith on the part of the People (Arizona v Youngblood, 488 US 51; People v Haupt, 71 NY2d 929; People v Ramos, 147 AD2d 718).

The trial court did not improvidently exercise its discretion in denying the defendant's motion to set aside the verdict based on alleged juror misconduct, without a hearing (People v Friedgood, 58 NY2d 467; People v Fusillo, 94 AD2d 802). The affidavit of the codefendant's sister contained only hearsay allegations. In any event, the finality of the jury verdict will not be disturbed simply because a juror had a change of heart (People v Horney, 112 AD2d 841; People v Smalls, 112 AD2d 173).

The imposition of consecutive sentences was not an improvident exercise of discretion (People v Brathwaite, 63 NY2d 839; People v Ferkins, 116 AD2d 760). Moreover, in light of the brutality displayed by the defendant, the sentence imposed was neither unduly harsh nor excessive (People v Suitte, 90 AD2d 80). Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.