■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered August 30, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction for criminal sale of a controlled substance in the third degree on the ground that the People failed to prove his identity as the person who sold the cocaine to the undercover police officer. In addition, the defendant contends that the evidence was legally insufficient to support his conviction for criminal possession of a controlled substance in the third degree, asserting that there was no showing that he had dominion and control over the cocaine seized from a nearby fence pole. However, these issues have not been preserved for appellate review since the defendant failed to advance them in support of his motion to dismiss the indictment at the end of the People's case *(see, People v Burns,* 170 AD2d 690; *People v Cardona,* 136 AD2d 556). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

The defendant's further contention that the court committed reversible error when it failed to charge the jury, sua sponte, regarding its consideration of the circumstantial evidence is also unpreserved as a matter of law since the defendant neither requested the charge nor took exception to the charge as given *(People v Scotto,* 177 AD2d 668; *People v Hill,* 174 AD2d 633; *People v Bossett,* 157 AD2d 734).

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.