■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered March 8, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

On the night of February 4, 1987, two police officers responded to a radio report of a burglary in progress at a Brooklyn restaurant. Upon arriving at the darkened premises, the officers observed that a metal security gate had been raised several inches above the ground, and that the latches of the gate had been damaged. The officers then entered the restaurant, and found the defendant standing near an unplugged cash register which appeared to have been forced open. A garbage pail behind the restaurant counter had been filled with cigarettes, a bag of quarters, and jewelry. The defendant was holding a flashlight and was in possession of a screwdriver, while his codefendant, who was discovered hiding behind a refrigerator, was armed with a loaded .38 caliber revolver. The restaurant had been closed to the public approximately two hours before the officers arrived, and when the restaurant's owner returned to the premises, he discovered that a portion of the lock which secured the front gate had been broken, and that some of his belongings had been taken.

On appeal, the defendant contends, *inter alia,* that the evidence presented at trial was legally insufficient to establish that he acted in concert with his codefendant to burglarize the restaurant. However, since the defendant failed to move for a trial order of dismissal, his present contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the record fails to establish that he was afforded an opportunity to controvert the prosecution's predicate felony statement. We agree. The court records do not indicate that the procedures set forth in CPL 400.16 for determining the defendant's status as a persistent violent felony offender were fully complied with. Since the sentence imposed by the court is legally permissible only in the event that the defendant is found to be a persistent violent felony offender, the sentence must be vacated and the case remitted for resentencing in accordance with CPL 400.16 *(see, People v Smith,* 177 AD2d 671; *People v Bressingham,* 148 AD2d 463).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved

for appellate review or without merit. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.