· ■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEF SALAAM, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered September 11, 1990, convicting defendant, after a jury trial, of rape in the first degree and robbery in the first degree, and sentencing him, as a juvenile offender, to consecutive terms of 3⅓ to 10 years, and orders of the same court, entered December 20, 1990, February 14, 1991, and August 9, 1991, which summarily denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant was prosecuted with others for his participation in a series of violent incidents in Central Park on the evening of April 19, 1989, and was convicted for the severe beating and robbery of a male jogger and the brutal rape and near killing of a female jogger a short time later in a nearby location. Contacted by police after being named as a participant by an apprehended suspect, defendant initially denied any involvement, but then gave a detailed inculpatory statement in which he admitted using a pipe to beat the male jogger, as well as the female jogger, when she resisted one of his accomplices. Details of this statement were corroborated overwhelmingly by substantial physical evidence.

The salient fact at the suppression hearing was that defendant was only 15 years old at the time of the crime and his interview by police. CPL 140.20 (6) and Family Court Act § 305.2 (3), literally construed, would have required police to notify defendant's parent or a person with whom he resided when he was taken into custody.

However, we find no violation of these requirements in this case. First, we credit police officer testimony that defendant accompanied them to the precinct voluntarily. Second, although defendant's mother was not at home when defendant left for the precinct, police had informed his sister and

brother of their destination, and in fact, defendant's mother arrived at the precinct not long after him. More significantly, we credit police officer testimony that defendant consistently lied to them about his age, stating that he was 16 and showing a school transit pass to prove it. It is well established that a person should not benefit from his own misrepresentations *(Matter of Hector C.,* 95 Misc 2d 255, 258). We discredit the testimony of defendant's witnesses, as well as that of defendant himself, that sought to establish that the police were put on notice of defendant's actual age from the moment they had approached him at home as well as at the precinct during the course of his interview. Since we conclude that the police were not aware that defendant was a juvenile, and find that, once the police were put on notice, they scrupulously honored the request of his mother that questioning cease, we find no violation of CPL 140.20 (6) or Family Court Act § 305.2 (3) *(see, Matter of Emilio M.,* 37 NY2d 173, 177; *Matter of Luis N.,* 112 AD2d 86).

Nor do we find any other infirmity in the hearing court's findings. The testimony of the People's witnesses was consistent and credible. The testimony offered by defendant's witnesses often was inconsistent or implausible.

Defendant's challenges to joinder of his trial with that of two codefendants, and the court's subsequent refusal to sever the trials, are without merit. Considering the extent and complexity of the evidence, as well as the number of witnesses and the duplication of testimony, the benefit of joinder to the economy of judicial and administrative resources is manifest *(see, People v Mobley,* 162 AD2d 305, *lv denied* 76 NY2d 895; *People v Mahboubian,* 74 NY2d 174, 183). With respect to severance, neither of the codefendants inculpated defendant *(compare, People v Cardwell,* 78 NY2d 996), and the defenses were not otherwise irreconcilable *(cf., Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123). Nor was defendant deprived of exculpatory evidence *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). The evidence against defendant was overwhelming. We find no abuse of discretion in the denial of defendant's motion for a severance.

The trial court's summary denial of the defendant's post-judgment motion to set aside the verdict was not error. The source for trial counsel's contention that the jurors read newspaper accounts of the trial during the proceedings—a radio interview with one of the jurors—was pure hearsay. Unlike *People v Smith* (187 AD2d 365 [decided herewith]) trial

counsel failed to submit an affidavit by either the juror interviewed, any other juror or anyone else who may have had actual knowledge of the facts. We therefore find that the trial court did not abuse its discretion in denying defendant's post-judgment motion without a hearing (People v Friedgood, 58 NY2d 467; People v Bellamy, 158 AD2d 525, lv denied 76 NY2d 731 [no abuse of discretion discerned where trial court summarily denied defendant's motion to set aside the verdict based upon alleged juror misconduct as the motion was based on an affidavit containing only hearsay]).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.