■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE FOSTER, Appellant.—Judgment, Supreme Court, New York County (Bernard F. Fried, J.), rendered June 26, 1991, after a jury trial, convicting defendant of two counts of attempted robbery in the second degree and of assault in the second degree, and sentencing him, as a second violent felony offender, to three concurrent prison terms of 3½ to 7 years, unanimously affirmed.

The People's evidence proved beyond a reasonable doubt that defendant assaulted the police officer. Having observed

defendant at the time of the attempted robbery and during the pursuit, the arresting officer was in a position to conclude that defendant was not carrying a weapon in his hands and that, therefore, there was no need for the officer to draw his own weapon when effectuating the arrest. The officer testified that his injuries resulted from exchanging punches with defendant. There is no basis for defense counsel's speculation, based on discredited testimony, that the officer's injuries were sustained when the officer approached defendant with gun drawn and beat defendant with a walkie-talkie. The officer's testimony was not " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " as to be incredible as a matter of law *(People v Garafolo,* 44 AD2d 86, 88, quoting 22 NY Jur, Evidence, § 649).

Defendant also contends that the complainant should have been precluded from making an in-court identification "since the show-up identification was suppressed because of the People's default and there was no independent source hearing." This claim was not preserved for appellate review. Were we to review it, we would find the claim to be without merit. "Absent some showing of impermissible suggestiveness [regarding a pretrial identification procedure], there is no burden upon the People, nor is there any need, to demonstrate that a source independent of the pretrial identification procedure exists for the witness's in-court identification" *(People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). Here, there was no indication that the show-up identification by the complainant minutes after the attempted robbery was in any way unduly suggestive; a defense motion to suppress that identification was granted by the trial court only on the grounds that the People failed to provide a reasonable excuse for their repeated defaults in responding to the motion. Accordingly, there was no need to establish an independent source for the complainant's in-court identification.

Finally, in light of defendant's violent felony history, the trial court did not abuse its discretion in imposing concurrent prison terms of 3½ to 7 years. Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.