■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERTO LAGUER, Appellant. [599 NYS2d 859] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered April 25, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the complainant's identification testimony was unreliable. However, the complainant had ample opportunity to view the defendant during the course of the robbery of the travel agency where she worked, and she testified that she recognized him because he had come to the agency the day before the robbery. Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to set aside the verdict based on alleged juror misconduct, as the moving papers contained only hearsay allegations (see, CPL 330.40 [2] [e] [ii]; People v Simon, 178 AD2d 447; People v Bellamy, 158 AD2d 525; People v Fusillo, 94 AD2d 802; see also, People v Friedgood, 58 NY2d 467).

The defendant contends that he is entitled to a new trial because the People failed to produce certain Rosario material. A police officer, who was a witness for the defendant, testified that he had initially prepared a handwritten complaint report, which was subsequently typed. The typewritten report was disclosed to the defendant but he claimed that he had no knowledge of the handwritten report until the officer's testimony. Although the officer stated that he did not still have the handwritten report, no evidence was elicited as to whether the report had been lost or destroyed, nor did the defendant raise a Rosario issue or request a sanction while the officer was still on the stand. In fact, the handwritten report was not mentioned again until just prior to summations, when the defendant requested a mistrial or an adverse inference charge "with regard to that missing document". The defendant did not make the argument advanced on appeal that the report was Rosario material as to the complainant and that he was entitled to a sanction on that basis. Under these circumstances, we find that the issue is unpreserved for appellate

review. It was the defendant's burden to develop an adequate record for appellate review of his claim *(see, People v Rashid,* 164 AD2d 951), particularly since the proper sanction for an alleged *Rosario* violation would depend in part on whether the material was available and, if not, the reason for its unavailability *(see, People v Banch,* 80 NY2d 610; *People v Martinez,* 71 NY2d 937).

The defendant's remaining contentions are without merit *(see, People v Jean,* 75 NY2d 744; *People v Williams,* 63 NY2d 882). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.