■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER HILL, Appellant. [639 NYS2d 857] —Mercure, J.

On or about September 24, 1988, defendant, his 17-year-old daughter and his infant grandchild were driving to visit with defendant's mother at her house. On the way, defendant pulled his car off a dirt road, drove into a cornfield and forcibly raped his daughter (hereinafter the victim) on the reclined front passenger seat. The victim did not report the crime until 1993, during the course of police questioning about unrelated allegations that defendant had raped her younger sister. Defendant's trial strategy, as disclosed in his opening statement, was to capitalize on the absence of corroborative evidence and to establish motive for the victim's undeniably delayed and assertedly false accusations by portraying defendant's "real life" family as dysfunctional and contentious, often requiring the intervention of police and social services agencies, Family Court and criminal courts. Consistent with that strategy, defendant frankly elicited or permitted testimony concerning prior reports of sexual abuse and specifically waived his right to a *Sandoval* hearing and permitted the People to question him concerning any and all prior convictions and bad acts. Taking the stand on his own behalf, defendant denied raping the victim and testified that there were no dirt roads on the way to his mother's house. Following the trial, defendant moved to set aside the verdict on the ground of improper juror conduct pursuant to CPL 330.30 (2), alleging that during deliberations a juror had drawn a map of the area where the crime took place and described the nearby roads. County Court denied the motion. Defendant appeals.

We affirm. Initially, we are unpersuaded by defendant's primary contention, that County Court erred in denying his CPL 330.30 motion. The motion was supported by nothing more

than an attorney's affirmation containing vague hearsay references to a conversation with unnamed jurors regarding a map allegedly drawn by another unnamed juror. In the absence of "sworn allegations of all facts essential to support the motion" (CPL 330.40 [2] [e] [ii]), County Court was justified in summarily denying the motion (*see, People v Salaam*, 187 AD2d 363, 364-365, *affd* 83 NY2d 51; *People v Bellamy*, 158 AD2d 525, 526, *lv denied* 76 NY2d 731). It is our further view that defendant was not deprived of a fair trial by County Court's receipt of evidence of the claim by the victim's younger sister that defendant had raped her as well or by references to other of defendant's uncharged crimes or bad acts. In each of the instances cited by defendant, the subject testimony was either not objected to, was elicited by defense counsel or was stricken from the record.

Nor do we agree that defense counsel's failure to prevent the admission of that testimony deprived defendant of effective assistance of counsel. As noted, defense counsel permitted and even solicited the challenged evidence as part of a plausible trial strategy that, although unsuccessful, should not be second-guessed at this time (*see, People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794; *People v Venditto*, 171 AD2d 952, 953, *lv denied* 78 NY2d 1130). In addition, defendant's counsel made effective opening and closing statements, thoroughly cross-examined prosecution witnesses and called numerous defense witnesses (*see, People v Parker*, 220 AD2d 815, 816-817; *People v Linderberry*, 215 AD2d 867, *lv denied* 86 NY2d 844).

Defendant's remaining contentions, including those set forth in his *pro se* brief, have been considered and found unavailing.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.