■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BUTLER, Appellant. [731 NYS2d 185] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered February 13, 1998, convicting him of robbery in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court improperly denied that branch of his omnibus motion which was to suppress the complainant's identification testimony on the ground that the pretrial identification procedure was unduly suggestive is without merit. "A pretrial identification procedure may be considered impermissibly suggestive and, therefore, violative of due process, only when it is the result of improper conduct by law enforcement officials" (People v Darnell, 146 AD2d 583). Here, the complainant viewed a photograph anonymously left in his mailbox. There was no police involve-

ment and, therefore, it may not be considered suggestive (*see, People v Darnell, supra; People v Whitaker,* 126 AD2d 688). Furthermore, the pretrial photographic identification procedure was fair and not suggestive. Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification testimony (*see, People v Almonte,* 135 AD2d 824).

The defendant's remaining contentions are without merit. Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.