■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEVAN CAMACHO, Also Known as MACHO, Appellant. [742 NYS2d 402] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered August 22, 2000, upon a verdict convicting defendant of the crimes of murder in the second degree and assault in the first degree.

After defendant was tried and convicted on charges stemming from his fatal knifing of his victim, he moved to set aside the jury verdict pursuant to CPL 330.30 (2) based on his counsel's allegations of misconduct on the part of four trial jurors. Defendant's motion was denied without a hearing, he was then sentenced and he now appeals.

Defendant contends that County Court erred in denying his motion because his counsel's uncontroverted allegations that four jurors had disregarded the court's instructions on various matters were sufficient to warrant the relief requested or, at the least, a hearing. Specifically, defendant relies on his counsel's affirmation that identified the four jurors and summarized their statements that they considered defendant's failure to testify or to offer any evidence in his defense, assumed his character was bad and discussed the lack of a defense. Defense counsel also asserted that one juror relied on his nursing background in concluding that a particular knife thrust had struck the victim in a vital spot. As to the absence of any sworn statement by the jurors, counsel related that they refused to sign affidavits supporting defendant's motion.

Statute and case law provide clear guidance to trial courts faced with allegations of juror misconduct during trial. CPL 330.30 (2) provides that the trial court may set aside the verdict on the ground "[t]hat during the trial there occurred, out of the presence of the court, improper conduct by a juror * * * which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict." However, "[i]t has long been familiar law that jurors may not impeach their own duly rendered verdict by statements or testimony averring their own misconduct within or without the juryroom; much less can they do so by statements presented in the form of hearsay affidavits" (*People v De Lucia*, 15 NY2d 294, 296, *cert denied* 382 US 821; *see*, CPL 330.40 [2] [e] [i], [ii]; *People v Foss*, 267 AD2d 505, 510, *lv denied* 94 NY2d 947; *People v Hill*, 225 AD2d 902, 902-903, *lv denied* 88 NY2d 1021; *People v Bellamy*, 158 AD2d 525, 526, *lv denied* 76 NY2d 731). "The rare exception to this general rule

occurs when the jury's deliberation is affected by an outside or improper influence * * *" (*People v Morales*, 121 AD2d 240, 241 [citation omitted]).

Here, the statements attributed to the jurors, if true, would establish that they disregarded County Court's instructions by reacting negatively to defendant's failure to present a defense. Despite this, the statements were properly disregarded by County Court because they described misconduct that cannot reasonably be viewed as the result of any external or improper influence (*see, People v Foss, supra* at 510; *People v Hill, supra* at 902-903). Nor is this a case where a juror's posttrial statement reflected a preexisting prejudice that would have resulted in his or her disqualification if it had been revealed during voir dire (*see, People v Leonti*, 262 NY 256, 258; *People v Ward*, 54 AD2d 594). To the extent that one juror also indicated a reliance on his nursing training, we find that this required neither the granting of defendant's motion nor a hearing because the juror's use of personal professional expertise merely confirmed the medical proof adduced at trial. It was not communicated to the other jurors and did not violate defendant's right to have his case decided on the evidence adduced (*compare, People v Maragh*, 94 NY2d 569, 574-575). Thus, County Court did not err in summarily denying defendant's motion.

We also find defendant's second contention, regarding County Court's alleged absence during three recesses when the jury was deliberating, to be lacking in merit because the record does not support defendant's claim that County Court failed to properly supervise the jury (*see*, CPL 310.10 [1]). The record instead confirms that County Court responded to all of the jury's inquiries, and it contains nothing suggesting that the court or duly appointed court officers neglected to oversee the jury during its deliberations (*compare, People v Toliver*, 89 NY2d 843, 844 [judge's absence during voir dire]; *People v Ahmed*, 66 NY2d 307, 310 [law secretary reread jury instructions in judge's absence]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.