THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL MARTE, Appellant. [860 NYS2d 191]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 19, 2006, convicting him of assault in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in refusing to suppress the identification made by the complainant on the ground that it was unreliable as a result of an unduly suggestive pretrial identification procedure is without merit. "A pretrial identification procedure may be considered impermissibly suggestive and, therefore, violative of due process, only when it is the result of improper conduct by law enforcement officials" (*People v Darnell,* 146 AD2d 583, 583 [1989]).

As the hearing evidence established that there was no police involvement in the presentation of the defendant's photograph to the complainant, and as no claim was made that the lineup procedure was suggestive, the hearing court properly denied that branch of the defendant's motion which was to suppress identification testimony (*see People v Stevens,* 44 AD3d 882 [2007]; *People v Butler,* 286 AD2d 443 [2001]; *People v Darnell,* 146 AD2d at 583-584). Under the circumstances, the reliability of the complainant's identification of the defendant presented a question for the jury.

The defendant's contention that the sentencing court imposed consecutive sentences in violation of Penal Law § 70.25 (2) is without merit. The evidence established that the defendant shot the victim after the robbery already had been completed.

Therefore, although the convictions arose out of a single transaction, the robbery and assault were separate and distinct acts and the imposition of consecutive sentences did not violate the statute (*see People v Laureano,* 87 NY2d 640 [1996]; *People v Bryant,* 39 AD3d 768 [2007]; *People v Murray,* 299 AD2d 225 [2002]).

The defendant's contention that the sentencing court violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) by making a factual finding that the assault and the robbery were separate and distinct acts, a determination the defendant asserts should have been made by the jury, is unpreserved for appellate review (*see People v Cruz,* 46 AD3d 567 [2007]; *People v Pritchett,* 29 AD3d 828 [2006]) and, in any event, is without merit. The sentencing court did not engage in judicial fact-finding, but instead made "a legal determination based on facts already found by the jury" (*People v Pritchett,* 29 AD3d at 829). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.