■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIL HAMDAM, Appellant. [871 NYS2d 708]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 15, 2005, convicting him of burglary in the second degree and robbery in the third degree, upon a jury verdict, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 15 years on the burglary count and a concurrent indeterminate term of imprisonment of $3^{1}/_{2}$ to 7 years on the robbery count. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Contrary to the defendant's contentions, the Supreme Court properly permitted a prosecution witness to testify regarding defense counsel's presence at the lineup observed by the robbery victim and counsel's statements indicating that he was satisfied with the composition of the lineup (see People v Foulks, 143 AD2d 1038 [1988]).

The defendant's present contentions regarding suppression of evidence of the showup identification made by the burglary victim are unpreserved for appellate review (see CPL 470.05 [2]; People v Foster, 187 AD2d 401 [1992]). In any event, the hearing testimony supports the hearing court's determination that the identification was sufficiently reliable to submit to the jury (see People v Marte, 52 AD3d 737 [2008]; People v Darnell, 146 AD2d 583 [1989]; People v Blackman, 110 AD2d 596 [1985]). The evidence at the hearing also shows an independent source for the burglary victim's in-court identification of the defendant (see People v Wilson, 5 NY3d 778, 780 [2005]; People v Golliver, 132 AD2d 618 [1987]).

The defendant's trial attorney provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

While the defendant's contention that he was improperly

adjudicated a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]), we consider the matter in the exercise of our interest of justice jurisdiction (*see People v Fusillo,* 94 AD2d 802 [1983]). The sentencing court adjudicated the defendant a second felony offender (*see* Penal Law § 70.06) absent any indication of compliance with the procedural requirements of CPL 400.21, or any showing that the defendant was given notice and an opportunity to be heard (*cf. People v Bouyea,* 64 NY2d 1140 [1985]; *People v Alston,* 289 AD2d 339 [2001]). We therefore remit the matter to the Supreme Court, Kings County, for resentencing in accordance with the mandates of CPL 400.21. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.