— Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered December 10, 2010, convicting him of attempted murder in the second degree, aggravated vehicular homicide, and driving while ability impaired by drugs, upon his plea of guilty, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 16 years and five *971 years of postrelease supervision on the conviction of attempted murder in the second degree, an indeterminate term of imprisonment of 8 to 16 years on the conviction of aggravated vehicular homicide, and an indeterminate term of imprisonment of 2 to 4 years on the convictions of driving while ability impaired by drugs, all to run concurrently.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for resentencing in accordance herewith.
While the defendant’s contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (see CPL 470.05 [2]), we consider the matter in the exercise of our interest of justice jurisdiction (see People v Favale, 77 AD3d 970 [2010]; People v Hamdam, 58 AD3d 752, 753 [2009]). As the People correctly concede, the sentencing court adjudicated the defendant a second felony offender (see Penal Law § 70.06) absent any indication of compliance with the procedural requirements of CPL 400.21, or any showing that the defendant was given notice and an opportunity to be heard (see People v Bouyea, 64 NY2d 1140, 1142 [1985]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for resentencing in accordance with the mandates of CPL 400.21 (see People v Favale, 77 AD3d at 971; People v Hamdam, 58 AD3d at 753).
The defendant’s contentions that, at the resentence, the People should be precluded from filing a statement pursuant to CPL 400.21 (2) and that CPL 440.40 applies herein are without merit. Rivera, J.P., BalkIn, Belen and Chambers, JJ., concur.