THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDAL SMITH, Appellant. [6 NYS3d 282]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered May 15, 2012, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, without merit.

The defendant's contention that the evidence of his guilt was wholly circumstantial and that the trial court erred in failing to give a circumstantial evidence charge is unpreserved for appellate review, as the defendant did not request a circumstantial evidence charge or object to the charge as given (see CPL 470.05 [2]; People v Joseph, 114 AD3d 878, 879 [2014]; People v Wall, 92 AD3d 812, 813 [2012]; People v Reyes, 45 AD3d 785, 786 [2007]; People v Hall, 181 AD2d 791 [1992]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 242 [1975]).

While the defendant's contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]), we consider the matter in the exercise of our interest of justice jurisdiction (*see People v Feder*, 96 AD3d 970, 971 [2012]; *People v Favale*, 77 AD3d 970 [2010]; *People v Hamdam*, 58 AD3d 752, 753 [2009]). As the People correctly concede, the sentencing court imposed a second felony offender sentence (*see* Penal Law § 70.06) without adjudicating the defendant a second felony offender in compliance with the procedural requirements of CPL 400.21, or any showing that the defendant was given notice and an opportunity to be heard. Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing in accordance with the mandates of CPL 400.21. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.