■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FLORES, Appellant. [38 NYS3d 805]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered January 17, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 12 years plus five years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

While the defendant's contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]), we consider the matter in the exercise of our interest of justice jurisdiction (*see People v Smith*, 127 AD3d 790 [2015]; *People v Feder*, 96 AD3d 970 [2012]; *People v Favale*, 77 AD3d 970 [2010]; *People v Hamdam*, 58 AD3d 752 [2009]). The defendant was sentenced as a predicate felon on the basis of a prior conviction in Pennsylvania for the offense of burglary (*see* 18 Pa Cons Stat Ann § 3502). However, as correctly conceded by the People, there is no element in the Pennsylvania statute comparable to the element in the analogous New York statute that an intruder "knowingly" enter or remain unlawfully in the premises (Penal Law § 140.20). The absence of this scienter requirement from the Pennsylvania burglary statute renders improper the use of the Pennsylvania burglary conviction as the basis of the defendant's predicate felony adjudication (*see People v Schaner*, 133 AD2d 582 [1987]; *see also People v Gonzalez*, 61 NY2d 586, 589 [1984]; *People v Ballinger*, 99 AD3d 931 [2012]; *People v White*, 96 AD2d 541 [1983]).

In light of our determination, we need not reach the defend-

ant's contentions that the sentence imposed was excessive or that he received ineffective assistance of counsel in connection with his sentencing (*see People v Brown*, 113 AD3d 785 [2014]; *People v Battle*, 305 AD2d 515 [2003]; *People v Rivera*, 203 AD2d 393 [1994]; *People v Roman*, 153 AD2d 594 [1989]; *see generally People v Cotton*, 127 AD3d 778 [2015]; *People v Wolters*, 41 AD3d 518 [2007]; *People v Tejada*, 289 AD2d 516 [2001]).

The defendant's remaining contention, that the Supreme Court erred in excusing potential jurors based upon hardship prior to conducting voir dire, is unpreserved for appellate review (*see People v Rahman*, 119 AD3d 820 [2014]; *People v Harris*, 115 AD3d 761 [2014]; *People v Miller*, 112 AD3d 856 [2013]; *People v Casanova*, 62 AD3d 88 [2009]; *People v Toussaint*, 40 AD3d 1017 [2007]) and, in any event, without merit (*see People v King*, 27 NY3d 147, 155-157 [2016]; *People v Sloan*, 79 NY2d 386, 392 [1992]; *People v Velasco*, 77 NY2d 469, 473 [1991]; *People v Umana*, 76 AD3d 1111 [2010]; *People v Miles*, 58 AD3d 872 [2009]; *People v Toussaint*, 40 AD3d at 1017). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.