People v Gunn (2019 NY Slip Op 07279)





People v Gunn


2019 NY Slip Op 07279


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-12985
 (Ind. No. 467/17)

[*1]The People of the State of New York, respondent,
v
Bjorn Gunn, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy Mazzei, J.), rendered November 13, 2017, convicting him of attempted murder in the second degree, criminal possession of a weapon in the third degree, unauthorized use of a motor vehicle in the first degree, grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Mark D. Cohen, J.), of the suppression of the defendant's oral statement to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.
The defendant was charged, among other things, with attempting to murder his wife (hereinafter the complainant) with a knife during a physical altercation on February 23, 2017, which began in the couple's apartment and continued outside as she was trying to flee. At the trial, a witness who was standing outside the apartment complex at the time of the incident testified that at approximately 3:00 p.m., she heard screaming and saw the complainant and the defendant running toward the front of the building. The complainant was covered in blood and was being chased by the defendant. The witness further testified that the complainant looked like she was running for her life and was screaming "help, save me, call 911, he's trying to kill me." As the witness approached to render assistance, she saw that the defendant had a knife in his hand. The defendant then ran away.
The complainant, who was still in a hysterical and frightened state, told the witness: "He's trying to kill me . . . call 911, he's trying to steal my stuff, he's stealing my car, I need my purse, he's going to steal my purse." The trial evidence further showed that the defendant left the apartment complex at 3:16 p.m. in a car registered in the complainant's name, and, at 3:23 p.m., the defendant made an ATM withdrawal in the amount of $100 using the complainant's debit card.
A paramedic who assisted the complainant at the scene testified, based on information received from the complainant, that the defendant had approached the complainant from behind, [*2]slashing at her neck with a serrated knife, and when the complainant tried to fight him off, he stabbed her twice in the chest and cut her hand during the struggle. None of the complainant's injuries were life-threatening, and except for the injury to her left hand, which severed a nerve and required two surgeries, the wounds were all superficial. However, some of the wounds to the complainant's neck were in the vicinity of the jugular vein and the carotid artery, and some of the wounds to the complainant's chest were in the vicinity of the aorta and superior vena cava.
Although the complainant did not testify at the trial, the statements she made to individuals at the scene in the minutes following the attack were admitted into evidence without objection.
At the time of his arrest, but before he was given Miranda warnings (see Miranda v Arizona, 384 US 436), the defendant told the police that his marriage was over. Later, the defendant, after waiving his Miranda rights, gave a written statement to the police in which he admitted, among other things, that he and the complainant had a physical altercation that "got ugly," and that he put a knife to the complainant's throat.
The police recovered two blood-stained knives from the apartment where the altercation started. The blood recovered from the blades of both knives matched the complainant's DNA profile.
Contrary to the defendant's contention, his statement made to a police detective prior to being given Miranda warnings was voluntary and spontaneous and not the result of any police conduct or questioning which reasonably could have been expected to elicit an inculpatory response from him (see People v Gonzales, 75 NY2d 938, 939-940; People v Foster, 153 AD3d 853, 854; People v Wallace, 128 AD3d 866, 866). Accordingly, the hearing court properly denied suppression of that statement.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Although an acquittal on one or more of the counts, including attempted murder in the second degree, would not have been unreasonable, upon reviewing the record here, we are satisfied that the trier of fact has given the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d at 495), and that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Among other things, we note that while none of the complainant's injuries in this case were life-threatening, "the crime of attempted murder does not require actual physical injury to a victim at all" (People v Fernandez, 88 NY2d 777, 783; see People v Holmes, 129 AD3d 1692, 1694; People v Greenfield, 112 AD3d 1226, 1228). Here, the forensic evidence showing that two separate knives were used in the attack, coupled with the fact that the defendant, still holding a knife, chased the complainant outside the apartment complex and broke off his attack only after a bystander intervened, provides factually sufficient evidence of the defendant's intent to kill.
Contrary to the defendant's contentions, the County Court properly declined to give a missing witness charge with regard to the complainant, as the record reflects that the complainant was not under the People's control (see People v Savinon, 100 NY2d 192, 200-201; People v Read, 97 AD3d 702, 703; People v Greene, 87 AD3d 551, 552; People v Royster, 18 AD3d 375, 375-376; People v Hernandez, 256 AD2d 18, 19).
To the extent the defendant further contends that the People's failure to call the complainant as a witness deprived him of the constitutional right to cross-examine his accuser (see Crawford v Washington, 541 US 36), the issue is unpreserved for appellate review. Since the issue is insufficiently developed in the defendant's brief to permit any meaningful review on appeal, we [*3]decline to reach it in the exercise of our interest of justice jurisdiction.
There is merit to the defendant's unpreserved contention that he was improperly sentenced as a persistent violent felony offender without substantial compliance with the procedures set out in CPL 400.15 and 400.16. The sentencing minutes do not establish that the County Court asked the defendant whether he wished to controvert any allegations made in the statement filed pursuant to CPL 400.16(2) (see CPL 400.15[2], [3]; see People v Gonzalez, 183 AD2d 725, 726; cf. People v Smith, 127 AD3d 790, 791; People v Feder, 96 AD3d 970, 971). Accordingly, we vacate the sentences and remit the matter to the County Court, Suffolk County, for resentencing in accordance with CPL 400.16 (see People v Rivera, 143 AD3d 1002, 1003; People v Gonzalez, 183 AD2d at 726).
The defendant's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court