People v Newman (2020 NY Slip Op 02634)





People v Newman


2020 NY Slip Op 02634


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08756
 (Ind. No. 206/16)

[*1]The People of the State of New York, respondent,
v
Christopher Newman, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered August 15, 2017, convicting him of burglary in the first degree, robbery in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established that the codefendant Kimberly Newman (hereinafter Kimberly), a 26-year-old woman, was in a relationship with the 16-year-old male complainant. The complainant had seen Kimberly's brother, the defendant, Christopher Newman, with his friends, codefendants Isaiah Scott and Khalif White, at Kimberly's house approximately 10 times. Eventually, the complainant broke off the relationship with Kimberly, who was visibly upset. The next day, the complainant was asleep in the living room of his apartment when he was suddenly attacked by three men who had arrived at his apartment with Kimberly. During the attack, the complainant was kicked in the mouth and reportedly hit with a wooden board. The complainant identified the defendant, Scott, and White as the perpetrators. Before leaving, they stole, among other things, three pairs of sneakers from the complainant, including a pair that Kimberly had purchased for him. The complainant identified the perpetrators in photos he found through Kimberly's Instagram page several days after the attack.
After trial, the defendant, Kimberly, and Scott were convicted of burglary in the first degree, robbery in the second degree (two counts), and endangering the welfare of a child. Kimberly also was convicted of criminal facilitation in the fourth degree. White was acquitted of all charges.
Contrary to the People's contention, the defendant preserved for appellate review his contention that the evidence was not legally sufficient to establish his guilt of the crimes of which he was convicted (see CPL 470.05[2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view [*2]the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention regarding the Supreme Court's failure to charge the jury regarding the weakness of consciousness of guilt evidence (see People v Yazum, 13 NY2d 302, 304) is unpreserved for appellate review, since he failed to request such a charge or object to the court's final charge as given (see People v Lipton, 54 NY2d 340, 351; People v Palacios-Correa, 166 AD3d 657; People v Smith, 127 AD3d 790). In any event, any error in failing to give such a charge was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted the defendant if it had been given such a charge (see People v Crimmins, 36 NY2d 230, 242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court