People v Cedillo (2025 NY Slip Op 05816)

People v Cedillo

2025 NY Slip Op 05816

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.

BARRY E. WARHIT

CARL J. LANDICINO

PHILLIP HOM, JJ.

2022-10354

(Ind. No. 435/21)

[*1]The People of the State of New York, respondent,

v

Manuel Cedillo, appellant.

The Fast Law Firm, P.C., New York, NY (Elena Fast and Michael Perkins of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke, Glenn Green, and Marion Tang of counsel), for respondent.

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered December 2, 2022, convicting him of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The County Court providently exercised its discretion in allowing testimony pertaining to the defendant's acts of sexual abuse toward one of the complainants that took place in New Jersey, even though the defendant was not charged with a crime based on those acts (see People v Patierno, 240 AD3d 516, 517). The testimony described events that took place during the course of sexual conduct for which the defendant was charged, was inextricably interwoven with the narrative of events, and provided necessary background information, as well as an appropriate context in which to evaluate the case (see People v Nicholson, 26 NY3d 813, 829; People v Leeson, 12 NY3d 823, 827; People v Tomlinson, 174 AD3d 929, 929-930). Further, the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Alvino, 71 NY2d 233, 242; People v Darby, 196 AD3d 643). Moreover, any prejudicial impact was minimized by the court's repeated instructions that the jury was not permitted to consider such prior uncharged crime as evidence of the defendant's guilt in this case or evidence that the defendant is a person disposed to commit such crimes, and that the evidence was offered as background material that was inextricably interwoven with the narrative of events in the case (see People v Morris, 21 NY3d 588, 598; People v Danon, 167 AD3d 930, 931). The jury is presumed to have followed those instructions (see People v Morris, 21 NY3d at 598).

The defendant's contention that the County Court erred in its jury instruction defining oral sexual conduct is unpreserved for appellate review because defense counsel failed to raise an objection on that issue during trial (see CPL 470.05[2]; People v Smith, 127 AD3d 790, 790). In any event, the definition given by the court conformed with Penal Law § 130.00(2)(a). Contrary to the defendant's contention, defense counsel was not ineffective for failing to object to the court's instruction defining oral sexual conduct. Defense counsel cannot be deemed ineffective for failing [*2]to advance an argument that has little or no chance of success (see People v Caban, 5 NY3d 143, 152).

The defendant further contends that he was deprived of his right to a fair trial when one of the testifying complainants, who apparently was crying, purportedly was escorted into the courtroom by two supporting individuals, who then sat in the first row of the courtroom. However, contrary to the defendant's contentions, there is no indication from the record that the complainant was actually escorted to the witness stand by the supporting individuals or that any actions taken in the courtroom at that time were out of the ordinary in any way. There is no suggestion on the record that the jury would have considered the presence of the supporting individuals in the courtroom "to be, in effect, a corroboration of [the complainant's] testimony" (People v Tohom, 109 AD3d 253, 272; see People v Gutkaiss, 206 AD2d 628, 631). The defendant's contention that defense counsel was ineffective for failing to move for a mistrial or request a curative instruction on this ground is also without merit, as there would have been little chance of success (see People v Caban, 5 NY3d at 152). Moreover, the defendant has not demonstrated "the absence of strategic or other legitimate explanations for . . . counsel's alleged shortcomings" (People v Patierno, 240 AD3d at 521 [internal quotation marks omitted]).

Accordingly, we affirm the judgment.

DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court