■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE FLOYD, Also Known as REGGIE WILLIAMS, Respondent. —Order of the Supreme Court, New York County (Rena K. Uviller, J.), entered September 28, 1989, which set aside a jury verdict, pursuant to CPL 330.30 (1), convicting defendant of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), unanimously reversed, on the law, and the matter remanded for sentencing.

At a *Parker (People v Parker,* 57 NY2d 136) hearing held following jury selection, it was determined that defendant had voluntarily absented himself from trial, which then proceeded in his absence.

Complainant, Douglas Slain, was walking on Central Park West in the vicinity of West 62nd Street at about 4:15 A.M. when defendant began walking alongside him and struck up a conversation. Defendant indicated he had various drugs for sale, and Slain expressed an interest in purchasing some marijuana but told defendant he did not have any money. Defendant then took Slain to a cash machine where Slain withdrew $200, placing the cash in his right front pants pocket. As the two continued walking, defendant produced a paper bag but Slain, suspicious, demanded to see and smell the contents. Defendant responded that "it will cost you $60 to buy and it will cost you $20 to see it." Becoming apprehensive, Slain threw the bag to the ground. Defendant did not pick up the bag but grabbed Slain by the lapels and threw him to the pavement where he grasped Slain's hair and struck his head against the sidewalk. Defendant yelled that he had a gun and demanded that Slain give him the money. When a group of three to five cab drivers came over, defendant fled across the street but was caught and held by the group until police arrived. Slain was observed to be bleeding from the right side of his head and his pants were torn on the left side, from the pocket all the way down to the cuff.

After receiving *Miranda* warnings, defendant told the arresting officer that, after the deal over the marijuana went sour, he felt "entitled" to something for his time and at-

tempted to take money from Slain's pocket. Defendant signed a statement to this effect upon being questioned later that morning.

A motion pursuant to CPL 330.30 (1) tests the legal sufficiency of the evidence supporting a jury's guilty verdict. The term "legally sufficient evidence" refers to "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). In assessing the sufficiency of the proof, every reasonable inference must be drawn in the People's favor *(People v Tejeda,* 73 NY2d 958, 960).

Analyzed under these criteria, it is clear that the evidence was sufficient to sustain the jury verdict convicting defendant of an attempt to forcibly steal property (Penal Law § 160.05). The altercation with Slain, the tearing of Slain's pocket and defendant's statement to the arresting officer that "I tried to get the money", establish the elements of the crime. That there might be an alternative explanation of events, as suggested by Supreme Court in its decision on the motion, involves an assessment of the weight of the evidence. While an appellate court possesses the power to reverse or modify a judgment on this ground *(People v Carter,* 63 NY2d 530, 536-537), a Trial Judge is limited to errors which, "if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]; *People v Colon,* 65 NY2d 888, 890). Concur—Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.