The verdict was neither based on legally insufficient evidence, nor was it against the weight of the evidence. Specifically, the People proved that defendant possessed the gun with the "intent to use the same unlawfully against another" even without the benefit of the statutory presumption (Penal Law § 265.15 [4]), which was not submitted to the jury. Such intent could readily be inferred from the evidence. Defendant did not merely possess the gun but removed his glove, pulled the gun from his jacket, aimed it at the victim's face and said, "I'll bust you right now" clearly evidencing an intent to use the gun unlawfully (*People v Rivera*, 171 AD2d 583, *lv denied* 78 NY2d 973; *People v Fields*, 179 AD2d 458, *lv withdrawn* 79 NY2d 947). The credibility issues defendant now raises were properly placed before the jury, and we find no reason to disturb its determination.

Defendant argues that the People improperly elicited testimony of his pretrial statement on their direct case and during the defense case after having withdrawn notice of their intent to introduce that statement. The record does not contain the proceedings during which notice of the statement had allegedly been withdrawn. Since defendant failed to make a record documenting this claim, this Court may not review it (*People v Charleston*, 54 NY2d 622). In any event, such error, had it in fact occurred, would have been harmless in view of the overwhelming evidence of guilt. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE FLOYD, Also Known as REGGIE WILLIAMS, Appellant. [635 NYS2d 464] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered June 19, 1992, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of $1^{1}/_{2}$ to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence, which