■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERT ECHEVARRIA, Respondent. [650 NYS2d 98] —Order, Supreme Court, Bronx County (David Stadtmauer, J.), entered March 3, 1992, which granted defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict finding defendant guilty of grand larceny in the fourth degree, and dismissed the indictment, unanimously reversed, on the law, the jury verdict reinstated and the matter remanded for sentencing.

Defendant, owner of a parked car struck and damaged by both complainant's car and the car of an unidentified driver after a collision between the two moving vehicles, demanded that the complainant pay $200 for the damage to defendant's car. According to the complainant, when he refused to pay defendant, he was beaten up by defendant and a hostile group of individuals, which had assembled when police officers who responded to the accident were compelled to answer an emergency call of an officer in need of assistance. The complainant testified that his leather jacket, a ring and his wallet containing $55 were taken and that he saw defendant take the money out of his wallet. Shortly after the incident, defendant was found by police at his apartment. The victim identified defendant as his assailant and defendant was arrested. Upon his arrest, defendant stated to police, "I held him down, but I [didn't] rob [him]".

The jury acquitted defendant of robbery in the second degree (Penal Law § 160.10 [1]) and convicted him of grand larceny in the fourth degree (Penal Law § 155.30 [5]). Defendant registered no objections to the verdict prior to discharge of the jury. Thereafter, defendant moved pursuant to CPL 330.30 (1) to set aside the verdict, arguing essentially that, given the acquittal on the robbery count, there was no reasonable view of the evidence to support the guilty verdict on the larceny count. Defendant's reasoning was that, in acquitting him of the robbery, the jury necessarily rejected any evidence of a forcible taking by defendant, which, in defendant's view, precluded a finding of guilt on the larceny. The trial court orally granted defendant's motion stating that, "in light of the fact that the jury acquitted defendant of robbery in the second degree, there's no reasonable view of the facts to support the jury's verdict of guilty of grand larceny in the fourth degree". However, in its subsequent written decision, the court rephrased its determination to state that, "there was no evidence adduced at trial from which the jury could logically or reasonably have found the defendant guilty of stealing from the person after having found this same defendant not guilty of a forcible stealing from the person". The court based this finding upon both its speculation that, "[b]y choosing to acquit the defendant of Robbery, it is possible that the jury may have attempted to dispense mercy or even engage in jury nullification", and upon its conclusion that the jury "discredited the testimony of the complainant as to forcible stealing by the defendant and others".

In both its oral and written determinations in this matter,

the trial court failed to apply the appropriate standard for review of the legal sufficiency of the evidence and erroneously speculated as to the underlying basis for the jury's determination to acquit defendant of the robbery.

Pursuant to CPL 330.30 (1), a trial court may set aside or modify a verdict upon "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court". Therefore, the power granted a Trial Judge by CPL 330.30 (1) is "normally limited to a determination that the trial evidence was not legally sufficient to establish the defendant's guilt of an offense of which he was convicted (CPL 470.15, subd 4, par [b])" (*People v Carter*, 63 NY2d 530, 536). In determining whether a jury verdict is supported by sufficient evidence, the court must determine "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). In reviewing the sufficiency of the evidence, the court is obliged to do so in the light most favorable to the People (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932).

"Additionally, even though the evidence meets the statutory test for legal sufficiency (CPL 70.10, subd 1), there are instances in which an appellate court can decide that the evidence is inadequate as a matter of law to prove the defendant's guilt beyond a reasonable doubt (see, e.g., *People v Reed*, 40 NY2d 204, 206-209 [testimony of sole prosecution witness essentially exculpatory])" (*People v Carter, supra*, at 536-537). While the Appellate Division has the power to engage in a review of the facts to determine whether a verdict is supported by the weight of the evidence (*People v Bleakley, supra*, 69 NY2d 490; CPL 470.15 [5]), it is well settled that the power granted a trial court by CPL 330.30 does not include the power to alter a guilty verdict based upon a reassessment of the facts (*People v Carter, supra*; *People v Colon*, 65 NY2d 888, 890).

The evidence in this case, when measured against the appropriate standard, was clearly sufficient to support the larceny conviction. A person commits grand larceny in the fourth degree when, with the intent required for a larceny offense (Penal Law § 155.05 [1], [2] [a]), he steals property, regardless of its nature or value from the person of another (Penal Law § 155.30 [5]). The complainant's testimony that, upon his refusal of defendant's demand for $200, he was assaulted by defendant and other members of a hostile group, and that he

observed defendant remove the money from his wallet, coupled with defendant's admission of involvement to police and the recovery of the exact amount of currency from defendant which the complainant stated he had lost, establishes all of the required elements of grand larceny in the fourth degree.

Apart from failing to apply the appropriate legal standard, it is apparent that the trial court failed to recognize that defendant's CPL 330.30 (1) motion was actually a claim of repugnancy or inconsistency of the jury's verdict, notwithstanding that it was characterized as a claim of insufficiency. Such repugnancy claim was untimely, not having been made prior to discharge of the jury (*People v Alfaro,* 66 NY2d 985, 987). In any event, the claim should have been rejected. Where there is a claim of inconsistency or repugnancy a conviction should be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime as charged for which the guilty verdict was rendered (*People v Tucker,* 55 NY2d 1, 6-7). The court should not seek to discover the underlying basis of the jury's determination, as was attempted in this case, since such an inquiry "requires the court to intrude into the jury's deliberative process by speculating on how the jury perceived and weighed the evidence" (*supra,* at 7). The trial court herein charged the jury, *inter alia,* that there must have been a forcible taking from the complainant's person to convict the defendant of second degree robbery. Quite properly, there was no forcible taking element included in the court's charge on the fourth-degree grand larceny count (Penal Law § 155.05 [1]; § 155.30 [5]). Thus, acquittal on the second-degree robbery count as charged did not negate any necessary element of the fourth-degree grand larceny count as charged. Consequently, there was no basis upon which to set aside the guilty verdict on the larceny count. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.