■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRED THOMAS, Respondent. [661 NYS2d 545] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated November 16, 1995, as granted the defendant's motion to set aside a jury verdict convicting the defendant of unauthorized use of a vehicle in the third degree and criminal possession of stolen property in the fourth degree to the extent of reducing the conviction of criminal possession of stolen property in the fourth degree to criminal possession of stolen property in the fifth degree.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion is denied in its entirety, so much of the judgment as convicted the defendant of criminal possession of stolen property in the fifth degree is vacated, the sentence imposed thereon is vacated, the verdict convicting the defendant of criminal possession of stolen property in the fourth degree is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence on that conviction.

A trial court's authority to set aside or modify a verdict is limited. Specifically, CPL 330.30 (1) permits a trial court to modify a verdict only on a ground which, if raised on appeal, would require a modification as a matter of law *(People v Sadowski,* 173 AD2d 873). Accordingly, only a claim of error that is properly preserved for appellate review will provide a basis to modify the verdict *(People v James,* 112 AD2d 380).

Here, the defendant's motion for a trial order of dismissal was not specific enough to preserve the issue of legal sufficiency for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), and thus, the trial court was not empowered to modify the verdict on this ground *(see, People v James, supra).*

In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of stolen property in the fourth degree beyond a reasonable doubt. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.