■ The People of the State of New York, Appellant, v Robert Patino, Respondent. [687 NYS2d 636] —Appeal by the People from an order of the County Court, Nassau County (Mackston, J.), dated February 19, 1997, which granted the defendant's motion to set aside a jury verdict finding him guilty on the charges of grand larceny in the third degree under the third count of the indictment and defrauding the government under the fourth count of the indictment.

Ordered that the order is reversed, on the law, the verdict is reinstated, and the matter is remitted to the County Court, Nassau County, for sentencing on the convictions of grand larceny in the third degree and defrauding the government.

A trial court is permitted to set aside a verdict only on a ground which, if raised on appeal, would require reversal as a matter of law (*see,* CPL 330.30). For the defendant to properly preserve his claim for appellate review, he must have raised it prior to the discharge of the jury (*see, People v Thomas,* 242 AD2d 281; *People v James,* 112 AD2d 380). Here, the defendant's general motion to dismiss the case against him failed to preserve a specific legal issue for appellate review (*see,* CPL 470.05 [2]; *People v Thomas, supra*). Therefore, the trial court was without authority to set aside the verdict.

In any event, the trial court erred in finding that because the defendant followed administrative procedures he therefore was

entitled to the sick leave benefits afforded under such procedures. The evidence established that the defendant intentionally and wrongfully obtained more than $3000 in sick leave benefits from the Police Department by fraudulently misrepresenting his ailments or illnesses. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.