■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK TILLMAN, Respondent. [709 NYS2d 765] —Order unanimously reversed on the law, motion denied, verdict under counts one and four of the indictment reinstated and matter remitted to Cayuga County Court for sentencing under counts one and four of the indictment. Memorandum: Defendant was charged with, *inter alia*, burglary in the second degree (Penal Law § 140.25 [2]), for having "knowingly entered and remained unlawfully in [his ex-girlfriend's] residence with the intent to commit the crime of criminal contempt," and criminal contempt in the second degree (Penal Law § 215.50 [2]), for having "intentionally violated an order of protection issued to [his ex-girlfriend] * * * of which he was aware." The jury convicted defendant of those counts, among others.

Prior to sentencing, defendant moved to "vacate the judgment" convicting him of those two counts, contending for the first time that there was no valid order of protection in effect at the time of the alleged incident. County Court treated the motion as one to set aside the verdict with respect to those two counts (*see*, CPL 330.30), granted the motion and dismissed counts one and four of the indictment. That was error.

"The 'basis for vacating a jury verdict prior to sentencing is strictly circumscribed by CPL 330.30' to allow vacatur only if reversal would have been mandated on appeal as a matter of law" (*People v Ortiz*, 250 AD2d 372, 375, *lv denied* 92 NY2d 881, quoting *People v D'Allessandro*, 184 AD2d 114, 117, *lv denied* 81 NY2d 884). Reversal of a judgment of conviction based on legally insufficient evidence is not "mandated on appeal as a matter of law" unless the issue has been preserved for appellate review by a timely motion to dismiss directed at the specific deficiency in the proof (*People v Ortiz*, *supra*, at 375; *see*, *People v Gray*, 86 NY2d 10, 19-20). Here, defendant did not move to dismiss the burglary or contempt charges on the ground that the underlying orders of protection were not valid at the time defendant allegedly violated them. Because defendant's contention concerning the legal sufficiency of the evidence was not preserved for appellate review by a timely motion to dismiss directed at the specific deficiency in the proof (*see*, *People v Gray*, *supra*, at 19-20), "the trial court was without authority to set aside the verdict" (*People v Patino*, 259 AD2d 502, *lv denied* 93 NY2d 976). We therefore reverse the order, deny defendant's motion, reinstate the verdict under

counts one and four of the indictment and remit the matter to Cayuga County Court for sentencing on those counts.

In light of our determination, we do not reach the People's remaining contentions. (Appeal from Order of Cayuga County Court, Corning, J.—Dismiss Indictment.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.