■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HECTOR, Appellant. [744 NYS2d 370] —Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered October 12, 2000, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of seven years, unanimously affirmed.

A court's erroneous submission of a lesser crime that arises out of the same transaction, but which does not qualify as a lesser included offense, is not a jurisdictional defect and is waived if timely objection is not made (*People v Ford*, 62 NY2d 275; CPL 300.50). Here, defendant agreed to the submission of first degree assault even though it was not in the indictment and was not a lesser included offense of attempted murder in

the second degree. Moreover, when, during the course of jury deliberations, the error in submitting the assault charge became known to the court and parties, defendant, in what was clearly a tactical move, insisted that the jury still be permitted to consider the assault charge, and waited until the jury acquitted him of attempted murder and convicted him of assault before raising any objection. We decline to review defendant's present claim in the interest of justice, particularly since his failure to object was tactical (*see, People v Reid,* 165 AD2d 776, *lv denied* 76 NY2d 990), and since the trial evidence overwhelmingly established defendant's guilt of first degree assault (*see, People v Alexander,* 153 AD2d 507, 509, *affd* 75 NY2d 979). Furthermore, since the claim that the assault count was erroneously submitted was unpreserved, the trial court properly granted reargument of the motion to set aside the verdict and reinstated the jury's guilty verdict of first degree assault, since, due to the lack of preservation, there was no ground that "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]) and, therefore, no authority for the trial court to act under that statute (*People v Carter,* 63 NY2d 530, 536). We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.