■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRANDI EVERSON, Respondent. [757 NYS2d 196] —Appeal from an order of Supreme Court, Onondaga County (Brunetti, J.), dated November 23, 2001, which granted defendant's CPL 330.30 motion to set aside the jury verdict and ordered a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for sentencing.

Memorandum: The People appeal from an order granting defendant's CPL 330.30 motion to set aside the jury verdict finding defendant guilty of assault in the first degree (Penal Law § 120.10 [3]) and endangering the welfare of a child (§ 260.10 [1]). We agree with the People that Supreme Court erred in granting the motion based upon an error that would not "require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30 [1]; see People v Hector, 295 AD2d 212, 213 [2002], lv denied 98 NY2d 730 [2002]; People v D'Alessandro, 184 AD2d 114, 118 [1992], lv denied 81 NY2d 884 [1993]). In granting the motion, the court concluded that it had erred in allowing an expert witness to render her opinion regarding the nature of the infant's injuries because that opinion was based upon double hearsay. Defendant's general objection at trial to the relevant part of that witness's testimony did not preserve for appellate review the issue whether the opinion was impermissibly based on double hearsay (see People v Pierre, 300 AD2d 1070 [2002]; People v Singletary, 270 AD2d 903 [2000], lv denied 95 NY2d 838 [2000]; People v George, 255 AD2d 881 [1998]; People v Michallow, 201 AD2d 915, 917 [1994], lv denied 83 NY2d 874 [1994]). The court thus erred in granting defendant's motion to set aside the verdict (see People v Quinones, 228 AD2d 190 [1996]; People v Sadowski, 173 AD2d 873 [1991]). We therefore deny defendant's motion and reinstate the verdict, and we remit the matter to Supreme Court, Onondaga County, for sentencing.

All concur except Green and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court properly granted defendant's motion to set aside the verdict pursuant to CPL 330.30 and ordered a new trial. Defendant was convicted of assault in the first degree (Penal Law § 120.10 [3]) and endangering the welfare of a child (§ 260.10 [1]) for engaging in conduct that created a grave risk of death and caused serious physical injury, i.e., pulmonary hemorrhaging, to her infant daughter. At trial, the Medical Examiner testified that exposure to mold was a potential cause of the infant's injury and that a large amount of mold was present in the basement of the maternal grandmother's home. Defense counsel objected to the Medical Examiner's further testimony that the infant's clothing had not been laundered in the maternal grandmother's basement. Although defense counsel made only a general objection at that time, the court sustained the objection on the ground that the testimony was hearsay, i.e., based upon witness statements

contained in police reports. Following that sustained objection, however, the Medical Examiner was permitted to testify that she eliminated mold as a potential explanation for the infant's life-threatening injury based upon the same hearsay information that the infant had not been exposed to mold from the grandmother's basement. Defense counsel repeatedly objected to questions eliciting the Medical Examiner's opinion with respect to the infant's life-threatening injury "because of the premise upon which the opinion was based." Moreover, at the close of the Medical Examiner's testimony, defense counsel further explained, citing *People v Eberle* (265 AD2d 881 [1999]), that the Medical Examiner should not have been permitted to offer her opinion based upon hearsay statements in police reports. Here, "[t]he purpose of an objection—to provide the court with an opportunity to cure the defect at a time when it may be readily corrected—was fulfilled by defense counsel's" repeated objections (*People v Collins*, 86 AD2d 616, 617 [1982]; *see* CPL 470.05 [2]). Both the trial transcript and the court's decision on the CPL 330.30 motion demonstrate that defendant made his position known to the court (*see* 470.05 [2]). Thus, we do not agree with the majority that the court erred in granting the motion because no claim of error was properly preserved for appellate review (*cf. People v Sheltray*, 244 AD2d 854, 854-855 [1997], *lv denied* 91 NY2d 897 [1998]). Further, the error in admitting the challenged testimony, which ruled out the only potential cause of the infant's injury other than child abuse, is not harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We therefore conclude that the court properly granted defendant's motion to set aside the verdict pursuant to CPL 330.30 and ordered a new trial (*see People v Rodriguez*, 274 AD2d 593, 594 [2000], *lv denied* 95 NY2d 938 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.