People v Broughton (2004 NY Slip Op 50397(U))

[*1]

People v Broughton

2004 NY Slip Op 50397(U)

Decided on May 4, 2004

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 4, 2004

Supreme Court, Westchester County
 THE PEOPLE OF THE STATE OF NEW YORK - -
against
MARSHALL BROUGHTON, Defendant
Indictment No. 03-0430

Hon. Jeanine Pirro Esq.
District Attorney of Westchester County
Westchester County Courthouse
111 Dr. Martin Luther King Boulevard
White Plains, New York 10601
Attn: A.D.A. Adeel Mirza
A.D.A. Michelle Lopez
Paul P. Martin, Esq.
Attorney for Defendant
26 Broadway, 21st Floor
New York, New York 10004

MARY H. SMITH, J.
On December 4, 2003, defendant was convicted of Count 2 of Indictment 03-0430 of Sodomy in the First Degree. Defendant has moved in two separate applications for an order pursuant to CPL § 330.30 setting aside his judgment of conviction. Defendant's first set of moving papers consist of a Notice of Motion, Affirmation in Support, and Memorandum of Law (hereinafter referred to as "defendant's first motion") and defendant's second set of moving papers consist of an Affirmation in Support and Memorandum of Law (hereinafter referred to as "Defendant's Second Motion"). In opposition to defendant's motions, the People have filed an Affidavit in Opposition and Memorandum of Law and an Affirmation in Opposition and Memorandum of Law. Upon consideration of these papers, the motions are disposed of as follows:
I.DEFENDANT'S FIRST CPL § 330.30 MOTION
In defendant's first motion, defendant urges the Court to set aside his judgment of conviction on the grounds of (1) juror misconduct, (2) the inconsistency and repugnancy of the verdict, and (3) insufficiency of the evidence as a matter of law/actual innocence of the accused. For the reasons set forth more fully herein, the Court denies defendant's first motion without a hearing pursuant to provisions of CPL § 330.40(2)(e).
[*2]
Pursuant to CPL § 330.30, the Court may set aside or modify a guilty verdict prior to sentence upon one or more of the following grounds:
"1.Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as matter of law by an appellate court.
2.That during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict; or
3.That new evidence has been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant."
A motion based on subdivisions 2 or 3 must be in writing and "[t]he moving papers must contain sworn allegations, whether by the defendant or by another person or persons, of the occurrence or existence of all facts essential to support the motion." (CPL § 330.40(2)(a)). The Court may deny the motion, without a hearing, if: "(i) The moving papers do not allege any ground constituting legal basis for the motion; or (ii) The moving papers do not contain sworn allegations of all facts essential to support the motion." (CPL § 330.40 (2)(e)(i) and (ii)).
A.Motion to Set Aside Based on Juror Misconduct
To begin with, the Court was made aware from a number of jurors that defendant's counsel and/or a private investigator began interviewing the jurors immediately after the trial. As a result of these interviews, defendant believes that the Court must set aside the verdict on the grounds that he was denied a trial by a fair and impartial jury due to juror misconduct.[FN1] The alleged misconduct is centered on two separate jurors, "Mr. S" and "Ms. W". "Mr. S" actually provided defendant with an affidavit, which has been submitted in support of the instant motion. In it, "Mr. S" states that he "had difficulty in reaching his decision on the verdict" based on the fact that "[t]here was virtually [*3]no physical evidence to corroborate what really happened between the complainant and the defendant." (Affidavit of "Mr. S", sworn to February 9, 2004). In addition, "Mr. S" avers that "[m]y decision was based in part on the fact that I heard one side of the story .... If defendant had testified, my position on the verdict might have been different." (Id.)
Defendant's second allegation of juror misconduct as asserted in his attorney's affirmation, is that based upon his attorney's information and belief, through his attorney's independent investigation, "Ms. W" "lied about her residence and her place of business." (Affirmation of Paul Martin, Esq. dated February 8, 2004 ("Martin Affirmation") at ¶ 21). In addition, Mr. Martin affirms that at the time of trial, "Ms. W" "was suffering from crack addiction and was enrolled in methadone program, establishing the use of psychoactive and intoxicating substances during the course of jury selection, trial and deliberations." (Id.)
With regard to defendant's allegations concerning "Mr. S's" alleged misconduct, the Court finds that defendant's application is wholly insufficient. Absent exceptional circumstances, the court may not use jurors' post-trial affidavits to explore the jury's deliberative process and impeach the jury's verdict. (Richards v. Forest City Enters., 272 AD2d 462, 463; Careccia v. Enstrom, 212 AD2d 658; Kaufman v. Lilly & Co., 65 NY2d 449, 460; Russo v. Rifkin, 113 AD2d 570, 575). Exceptional circumstances include outside influences, and "inherent defects, confusion or ambiguity in the verdict." (Moisakis v. Allied Bldg. Products, 265 AD2d 457, 458, app. denied, 95 NY2d 752; see also People v. Morales, 121 AD2d 240, 241 ["[t]he rare exception to this general rule occurs when the jury's deliberation is affected by an outside or improper influence ...."]; Samuels v. American Cyanamid Co., 130 Misc2d 175, 189 ["affidavits and post-verdict statements of jurors are not admissible to impeach a verdict except to show that extrinsic influence has been exerted on the jury]"). As explained by the New York Court of Appeals, "[t]he policy reason for the present rule [rendering such statements inadmissible] is, of course, that we do not wish to encourage the post-trial harassing of jurors for statements which might render their verdicts questionable." (People v. De Lucia, 20 NY2d 275, 278).
Accordingly, "Mr. S's" attempt to impeach the verdict through his claim that his decision on the verdict might have been different if defendant had testified runs counter to the well-established rule that "'jurors may not impeach their own duly rendered verdict by statements or testimony averring their own misconduct within or without the jury room.'" (People v. De Lucia, 20 NY2d 275, 276-277; see also People v. Maddox, 139 AD2d 597, app. denied, 72 NY2d 862; People v. Rhodes, 92 AD2d 744). When faced with an identical argument, one court ruled that "the statements ... if true, would establish that [the jurors] disregarded County Court's instructions by reacting negatively to defendant's failure to present a defense. Despite this, the statements were properly disregarded by County Court because they described misconduct that cannot reasonably be viewed as the result of any external or improper influence." (People v. Camacho, 293 AD2d 876, 877, app. denied, 98 NY2d 729, 731; see also People v. Foss, 267 AD2d 505, 510, app. denied, 94 NY2d 947 ["[t]his statement, defendant asserts, establishes the juror's disregard of the court's instruction that no adverse inference could be drawn from defendant's failure to testify. Notably, however, defendant acknowledged that jurors may not impeach their own duly rendered verdict by statements or testimony averring their own misconduct."]). Thus, "Mr. S's" affidavit is not properly admissible for the purposes of the instant motion and defendant has therefore failed to meet his burden under CPL §330.40(2)(e).
[*4] Moreover, even if "Mr. S's" statements were properly admissible for the purposes of this motion, the Court would still have to "evaluate whether a juror's ... conduct 'created a substantial risk of prejudice to the rights of the defendant by coloring the views of the other jurors as well as her own.'" (People v. Maragh, 94 NY2d 569; quoting People v. Brown, 48 NY2d 388, 394). Indeed, "'not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically .... Each case must be examined on its unique facts to determine the nature of the misconduct and the likelihood that prejudice was engendered." (People v. Clark, 81 NY2d 913, 914; quoting People v. Brown, 48 NY2d 388, 394). Here, "Mr. S's" claims that his verdict might have been different if defendant had testified, which suggests that he was unable to follow the Court's instructions. However, "Mr. S" does not state that had defendant testified, his decision on the verdict would have been different only that it may have been different. Because defendant has failed to meet his burden that there was a substantial risk of prejudice from "Mr. S's" presence on the jury as it is "'based on little more than speculation as to the possibility of prejudice'", the Court denies this part of the motion finding a hearing to be unnecessary. (People v. Rhodes, 92 AD2d 744, 745; quoting Snediker v. County of Orange, 58 NY2d 647, 649; see also Samuels v. American Cyanamid Co., 130 Misc2d 175; People v. Foss, 267 AD2d 505, 510, app. denied, 94 NY2d 947 ["that the juror postulated her verdict would have been otherwise had defendant testified does not inherently establish that her verdict derived from an unfavorable inference based on his failure to testify, instead of the evidence presented, particularly in view of the presumption that jurors will adhere to the court's instructions during deliberations"]).
Defendant's allegations concerning "Ms. W's" misconduct are also unavailing. A motion pursuant to CPL § 330.30 must be supported by sworn allegations of all facts essential to support such a motion; a hearing will not be required where only a hearsay affidavit is submitted. (People v. Hill, 225 AD2d 902, app. denied, 88 NY2d 1021; People v. Agosto, 248 AD2d 301, app. denied, 92 NY2d 892; People v. Boddie, 240 AD2d 155, app. denied, 90 NY2d 902). Here the only sworn allegations of fact come from defendant's counsel's affirmation that doesn't even detail the basis for his assertions other than his own independent investigation. Thus, the alleged misconduct by "Ms. W" was not sufficiently supported by sworn allegations of fact to entitle defendant to a post-trial hearing to inquire whether "Ms. W" gave truthful answers during the voir dire and/or whether or not "Ms. W" was under the influence of psychoactive and intoxicating substances during the course of jury selection, trial and deliberations. (People v. Morales, 121 AD2d 240; People v. Salaam, 187 AD2d 363, aff'd, 83 NY2d 51).
B.Motion to Set Aside Based on Inconsistency or Repugnancy of the Verdict
 Defendant's argument that the Court should set aside the conviction on the grounds that the verdict was inconsistent or repugnant is also without merit. "[A] conviction should be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime charged as charged for which the guilty verdict was rendered." (People v. Echevariia, 233 AD2d 200, 203, app. denied, 89 NY2d 942; citing People v. Tucker, 55 NY2d 1, 6-7). In determining whether verdicts are inconsistent, a court "may not speculate as to how jury analyzed or weighed evidence nor may it examine whether charge given by trial court was accurate. The examination of charge is limited to determination of 'whether the jury, as instructed, must have reached an inherently self-contradictory verdict.'" (People v. Childs, 161 Misc2d 988, 994; quoting People v. Tucker, 55 NY2d 1, 7-8).
[*5]
Defendant's Indictment contained the following counts:
(1)Count 1 (Sodomy in the First Degree) - Charges that defendant on March 15, 2003 "engaged in deviate sexual intercourse with another person by forcible compulsion, consisting of contact between the defendant's penis and the victim's mouth." This conduct allegedly occurred in a residential area in vicinity of Sue's Rendevous and Tiny's in Mt. Vernon while the victim and the defendant were on a date.
(2)Count 2 (Sodomy in the First Degree) - Charges that defendant, on March 15, 2003, "engaged in deviate sexual intercourse with another person by forcible compulsion, consisting of contact between the defendant's penis and the victim's mouth." This conduct allegedly occurred during the same date while defendant was driving the victim's car.
(3)Count 3 (Sodomy in the First Degree) - Charges that defendant, on March 15, 2003, "engaged in deviate sexual intercourse with another person by forcible compulsion, consisting of contact between the defendant's penis and the victim's mouth." This conduct allegedly occurred during the same date when the victim was inside a public bathroom at the Getty Gas station in Mount Vernon, New York.
(4)Count 4 (Sexual Abuse in the First Degree) - Charges that defendant, on March 15, 2003, "did subject another person to sexual contact between the defendant's hand and the victim's breast, by forcible compulsion."
(5)Count 5 (Unlawful Imprisonment) - Charges that defendant, on March 15, 2003, "did restrain another person." This count was based on the totality of the above-described events. (See Bill of Particulars, Martin Affirmation at Exhibit A).
Defendant argues that "[i]n accordance with the prosecution's bill of particulars, if indeed the accused was acquitted of unlawful imprisonment ('the totality of the events' charged), then by logical implication the accused must be rendered not guilty of the sole count of conviction as well, since that count constitutes a portion of the totality of events." (Martin Affirmation at ¶ 37). Defendant concedes that the Court previously denied defendant's motion to set aside the verdict on this very same basis, but argues that the Court's decision was "erroneous and constituted a violation of the accused's right to a trial by jury, and right to a fair trial and due process ...." (Martin Affirmation at ¶¶ 19, 38, 39).[FN2] The Court has already determined that the jury's acquittal on Counts 1, 3, 4 and 5 [*6]did not negate any essential element of Count 2. (See People v. Goodfriend, 64 NY2d 695; People v. Benson, 123 AD2d 470, app. denied, 69 NY2d 708). Since defendant has failed to establish that the Court overlooked or misapprehended any of the relevant facts set forth in the original motion, defendant's motion for reargument is denied. (Delgrosso v. 1325 Limited Partnership, 306 AD2d 241; Mooney v. Vecchio, 305 AD2d 415; Diorio v. City of New York, 202 AD2d 625, app. denied, 85 NY2d 857). 
C.Motion to Set Aside Based on Insufficiency of the Evidence
To begin with, the Court is mindful that "'an interest of justice rationale ... is not a basis upon which a trial court can set aside a verdict.'" (People v. Prato, 182 Misc2d 558, 560-561, aff'd, 186 Misc2d 528; quoting People v. Ponnapula, 229 AD2d 257, 266). Thus, "[a] trial court is permitted to set aside a verdict only on a ground which, if raised on appeal, would require reversal as a matter of law." (People v. Patino, 259 AD2d 502, app. denied, 93 NY2d 976). "[T]rial courts sitting with juries, acting as judges of law but not facts, are not empowered under CPL 330.30 to vacate a verdict on the basis of their own assessment of the facts or weight of the evidence." (People v. Prato, 182 Misc2d at 559; quoting People v. Garcia, 237 AD2d 42, 48-49, rev'd, 93 NY2d 42, on remand, 272 AD2d 189). Thus, CPL § 330.30(1) limits a trial court's review to a determination of whether the trial evidence was legally sufficient to establish defendant's guilt. (People v. Carter, 63 NY2d 530, 536).
And "the term 'legally sufficient evidence' refers to 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' ...." (People v. Floyd, 176 AD2d 554, 555, app. denied, 79 NY2d 827, 834; quoting CPL § 70.10[1]). "In determining whether a jury verdict is supported by sufficient evidence, the court must determine 'whether there is any valid line of reasoning and permissible inferences which could lead rational person to the conclusion reached by jury on the basis of the evidence at trial.'" (People v. Echevarria, 233 AD2d 200, 202, app. denied, 89 NY2d 942; quoting People v. Bleakley, 69 NY2d 490, 495). The Court is further required to view the evidence in a light most favorable to prosecution. (People v. Echevarria, 233 AD2d at 202; People v. Floyd, 176 AD2d 554, app. denied, 79 NY2d 827).
Here, defendant argues that the evidence was insufficient as a matter of law for a number of reasons i.e., the lack of DNA evidence, the favorable polygraph results that were excluded, and his contention that it was physically impossible [FN3] for "a man the size of the accused to have the dexterity and space to drive this particular vehicle and hold the complainant's head down on a non-erect penis while driving such a small [Honda] vehicle." (See Martin Affirmation at ¶44). With regard to defendant's arguments concerning defendant's actual innocence based on the favorable polygraph results and the lack of DNA evidence, the Court finds that neither conclusively establishes defendant's actual innocence. Furthermore, such evidence does not support a reversal of the conviction as a matter of law. Finally, whether or not it was physically possible for the defendant to have forced the victim's head onto his penis while driving her Honda "is a question of fact, not law; thus, the court lack[s] authority to set aside the verdict on that ground ...." (People v. South, 233 [*7]AD2d 910, 911, app. denied, 89 NY2d 989).

II.DEFENDANT'S SECOND CPL § 330.30 MOTION: DISQUALIFICATION BASED ON A JUROR'S FELONY CONVICTION
Defendant's second motion to set aside the conviction is based on his claim that "Ms. W" is not only a drug addict and a liar concerning her address and place of business, but in addition, "Ms. W" lied during the voir dire process by failing to divulge that she has one prior felony conviction from approximately 20 years ago and two prior misdemeanor convictions from approximately 10-15 years ago. Unlike defendant's first motion, in this motion defendant has provided the Court with sufficient evidence (i.e., a printout of a search conducted by the Division of Administrative Services, Criminal History Record Search Program of the Office of Court Administration, which is attached as Exhibit A to the Affirmation of Paul P. Martin, Esq. dated April 12, 2003) to warrant a hearing on the issue of whether "Ms. W.'s" failure to disclose her prior convictions actually worked to defendant's prejudice. Although some would argue that the defendant was aided by having a convicted felon on the jury panel, a full hearing will divulge what effect the juror's criminal background had on the verdict. (People v. Clark, 81 NY2d 913; People v. Rodriguez, 100 NY2d 30). At the hearing, it will be incumbent on defendant to "prove the misconduct by a preponderance of the evidence (CPL 330.40, subd 2, par [g]) [and]... he must also show that it created a 'substantial risk of prejudice.'" (People v. Rhodes, 92 AD2d 744, 745; citations omitted; see also People v. Mercado, 290 AD2d 237 ["defendant is entitled to an evidentiary hearing at which he may attempt to establish that the juror's failure to disclose his conviction resulted in actual bias"]; United States v. Boney, 977 F2d 624, 633 ["Sixth Amendment guarantee of an impartial trial does not mandate a per se invalidation of every conviction reached by a jury that included a felon"; only upon a showing of actual bias during evidentiary hearing will a new trial be ordered]; People v. Adams, 278 AD2d 920, 921, app. denied, 96 NY2d 825 [court properly denied defendant's CPL § 330.30 motion which was based on juror's lying on questionnaire concerning whether family member or friend had been a victim of crime since defendant "failed to establish ... that the juror ... had used this information to influence the jury or that the juror was predisposed to find defendant guilty."]). The hearing on defendant's motion is hereby scheduled for May 11, 2004 at 2 p.m.
This constitutes the Decision and Order of the Court.
Dated: White Plains, New York
 May 4, 2004 Honorable Mary H. Smith, J.S.C. 
 

[*8]
Decision Date: May 04, 2004
Footnotes

Footnote 1:Defendant's full argument is that "the accused was deprived of the right to mount both a challenge for cause as well as peremptory challenge against the affected jurors, resulting in a violation of the accused's right to knowingly participate in jury selection, his right to trial by a fair and impartial jury, and his right to effectively utilize his counsel in exercising whatever challenges he might wish to make. These contentions implicate the right to due process and equal protection, and the right to the effective assistance of counsel .... The accused was also deprived of his right to a jury containing persons who are all qualified pursuant to Judiciary Law Section 510. Judiciary Law Section 510 clearly disqualifies potential jurors who are not of 'good moral character', a condition which presumably excludes persons who commit perjury on voir dire or who violate their oath as jurors. The accused was also deprived of the right to partake in an effective voir dire ...." (Martin Affirmation at ¶¶ 27-29). This last argument has to do with defendant's contention that the jurors' failure to give accurate information meant that defendant was unable to "'intelligently exercise not only his challenges for cause, but also his peremptory challenges ....'" (Martin Affirmation at ¶ 29; quoting United States v. Barnes, 604 F2d 121).

Footnote 2:To the extent that the defendant is also contending that there were other erroneous rulings by this Court which require the setting aside of the verdict (i.e., (1) the admission of a kissing incident between the defendant and the victim earlier that same evening which defendant claims violated CPL § 240.43 and People v. Ventimiglia, 50 NY2d 350, (2) the admission of the victim's testimony concerning her autistic son, and (3) the Court's failure to prohibit the victim from wearing a cross around her neck during her testimony), the Court disagrees and finds these rulings were completely correct. Moreover, even if these rulings were found to be in error, they certainly would not rise to the level of requiring a reversal of the judgment as a matter of law. (People v. Everson, 303 AD2d 1027, aff'd, 100 NY2d 609; People v. Patino, 259 AD2d 502, app. denied, 93 NY2d 976).

Footnote 3: Defendant's counsel goes so far as to characterize the events underlying this count as "displaying incredible gymnastic prowess." (Martin Affirmation ¶ 18).