*800 OPINION OF THE COURT
Angelo A. Delligatti, J.
Trial Decision
The defendant, by motion dated April 19, 2010, and filed April 21, 2010, moves pursuant to CPL 330.30 and 370.10 to set aside a jury verdict convicting the defendant of driving while intoxicated in violation of section 1192 (2) of the Vehicle and Traffic Law. The defendant argues that the jury verdict was tainted by juror misconduct on the ground that one of the jurors who rendered the verdict was not qualified to serve pursuant to section 510 of the Judiciary Law. Section 510 of the Judiciary Law reads as follows:
“§ 510. Qualifications
“In order to qualify as a juror a person must:
“1. Be a citizen of the United States, and a resident of the county.
“2. Be not less than eighteen years of age.
“3. Not have been convicted of a felony.
“4. Be able to understand and communicate in the English language.”
Procedural History
The defendant was arrested and charged with violating section 1192 (2) and section 1163 (d) of the Vehicle and Traffic Law. Both offenses were alleged to have been committed on the 29th day of January 2005. After extensive pretrial proceedings, a trial was commenced before the Honorable Norman St. George, J.D.C. on February 7, 2007. On February 9, 2007, the court declared a mistrial. Thereafter, there was additional motion practice, including a motion to dismiss the charges on the ground that the defendant had been denied a speedy trial under CPL 30.30, as well as the ground that jeopardy had attached at the time of the mistrial. By decision dated August 2, 2007, Justice St. George denied the defendant’s motion. Thereafter, upon Justice St. George’s elevation to the Nassau County Court bench, the case was transferred to the Honorable Robert Spergel, J.D.C. Additional motion practice ensued and ultimately the matter was transferred to the undersigned for trial. The trial commenced on January 27, 2010 and concluded on February 2, 2010, on which date the jury returned a verdict of guilty on the charge of violating section 1192 (2) of the Vehicle and Traffic Law, and not guilty on the charge of violating section 1163 (d) *801 of the Vehicle and Traffic Law. Upon the rendering of the jury’s verdict the defendant was continued released on bail and the court ordered a presentence report. The matter was therefore adjourned to April 6, 2010 for sentencing and thereafter to May 11, 2010 for defendant to submit the instant motion.
In the interim period between the verdict and the sentence date, the assistant district attorney, Adam C. Raffo, Esq., who prosecuted the charges, learned that juror No. 3, Mr. Gregory Rogers, had, previous to his service as a juror on this case, been convicted of a felony. (In fact a search disclosed that the juror had two prior felony convictions.)
The assistant district attorney conveyed the information about the juror to the defendant’s attorney, Mr. Scott Lockwood, Esq., who thereafter submitted the instant motion to set aside the verdict.
Upon reviewing the defendant’s notice of motion, the assistant district attorney’s affirmation in opposition, and the defendant’s reply affirmation, this court granted the defendant’s motion to the extent that an evidentiary hearing was ordered (People v Mercado, 290 AD2d 237 [2002]). The hearing was scheduled for July 7, 2010. At that hearing, the People and the defendant stipulated that the juror, Mr. Gregory Rogers, had, prior to his jury service, been convicted of two felonies. The parties also agreed that it would be of importance to review the minutes of the voir dire of Mr. Rogers, and the matter was continued for the parties to obtain the transcript. (It should be noted that all prospective jurors in Nassau County are asked to complete a standard jury questionnaire prior to the commencement of jury selection.) Question No. 14 on said questionnaire reads in part as follows: “Have you or anyone close to you ever: Been accused of a crime. Been convicted of a crime.”
Unfortunately the actual questionnaires used in this matter were destroyed. Although we do not have the actual questionnaire which was signed by Mr. Rogers, neither counsel nor the court believes that juror No. 3 answered that question truthfully. Above the line for the signature of the prospective juror is printed the following: “I affirm that the statements made on this questionnaire are true and I understand that any false statements made on this questionnaire are punishable under Article 210 of the Penal Law.”
On or about the 6th day of November 2010, the court received a transcript of the jury selection, including the examination of Mr. Rogers, who was ultimately seated as juror No. 3. The *802 transcript revealed that the juror never disclosed his prior criminal record, even when he asked to speak to the court and counsel outside the presence of the other jurors. This court has no doubt that the juror in question concealed his prior criminal record from the court and the parties. After reviewing the transcript, the parties were directed to appear before the undersigned to continue the hearing previously ordered and for the attorneys to present oral argument. On January 14, 2011, the parties appeared and upon inquiry by the court, both parties stated they did not intend to call any witnesses to testify. The attorneys presented their oral argument and, upon conclusion, the court reserved decision.
It is the position of the defendant that section 510 (3) of the Judiciary Law, by its clear language, rendered Mr. Rogers (juror No. 3) unqualified to serve as a juror and that his failure to disclose his prior felony criminal record constituted juror misconduct which required the court to set aside the verdict. The defendant relied heavily on the United States Supreme Court decision in Clark v United States (289 US 1 [1933]), regarding the willful giving of false or evasive answers by a juror during voir dire.
The People on the other hand argue that even if the prospective juror is not qualified under section 510 (3) of the Judiciary Law, the verdict should not be set aside unless the defendant can show that the juror’s misconduct resulted in bias which tainted the jury’s verdict. The People rely primarily on People v Mercado (supra).
Conclusion
As stated above, the juror in question failed to disclose his prior criminal history. Based upon the stipulation of the parties and this court’s review of the juror’s New York State fingerprint record it is clear that juror No. 3, Mr. Gregory Rogers, was not qualified to sit as a juror. Based upon a reading of the statute (Judiciary Law § 510 [3]) one would likely be inclined to determine that the jury’s verdict should be set aside and a new trial ordered for the defendant. However, it appears that the case law regarding juror nonqualification and misconduct indicates otherwise. There is little doubt in this court’s mind that the juror in question willfully concealed from the parties and the court his prior criminal history. If the juror had disclosed his criminal record as required on the juror questionnaire, the juror most assuredly would have been excused.
*803 There is no doubt that the juror’s action constituted misconduct. However, in order to set aside a jury verdict the law requires that the juror’s conduct resulted in actual bias against the defendant.
The defendant relies on Justice Cardozo’s decision in People v Clark (289 US at 11) and quotes from that decision:
“The judge who examines on the voir dire is engaged in the process of organizing the court. If the answers to the questions are willfully evasive or knowingly untrue, the talesman, when accepted, is a juror in name only. His relation to the court and to the parties is tainted on its origin; it is a mere pretense and sham.”
However, the Supreme Court decision in Clark dealt with the issue of whether the evasive/untruthful juror could be prosecuted for contempt and not with the setting aside of the underlying verdict.
In fact, there is no per se rule requiring the setting aside of a jury verdict upon the postverdict discovery that a juror had previously been convicted of a felony. (See United States v Boney, 977 F2d 624, 633 [DC Cir 1992] [“Sixth Amendment guarantee of an impartial trial does not mandate a per se invalidation of every conviction reached by a jury that included a felon”].)
This fact does entitle the defendant to an evidentiary hearing, and the defendant was afforded this hearing on July 7, 2010 and January 14, 2011. At such hearing, the defendant bore the burden of proving by a preponderance of the evidence that Mr. Rogers’ failure to disclose his prior felony conviction(s) resulted in actual bias against the defendant (see People v Mercado, supra; People v Broughton, 3 Misc 3d 1104[A], 2004 NY Slip Op 50397[U] [Sup Ct, Westchester County 2004]; CPL 330.40 [2] [g]). However, the defendant failed to present any evidence or testimony at the hearing indicating that she was subjected to actual bias as a result of Mr. Rogers’ failure to disclose his prior felony convictions. Accordingly, the defendant’s motion is denied.