LEWIS, J.,
concurring in result only.
Under the Florida Statutes, a person who has been convicted of a felony is disqualified from service on a jury unless and until his or her civil rights have been restored. See § 40.013(1), Fla. Stat. (2015). However, the statute fails to provide any specific remedy when a disqualified individual actually serves on a jury. In my view, the dispositive issue should be whether the jury was properly comprised under the law, not whether the defective jury performed properly. Therefore, when a convicted felon serves on a jury, as occurred in this case, a structural defect is present that invalidates the jury from the outset, and whether the jury reached the correct determination is simply not the relevant standard. Instead, I would conclude that the verdict is per se invalid.
I am surprised that neither Florida courts, nor many courts in other jurisdictions that have addressed this issue, have reached this conclusion. Rather, a significant number have determined, as the majority holds today, that actual bias is the proper inquiry where a convicted felon serves on a jury. See, e.g., Companioni v. City of Tampa, 958 So.2d 404, 417 (Fla. 2d DCA 2007) (holding that in civil cases in which individuals with prior felony convictions serve on a jury, “it is entirely appropriate to require a showing of actual bias or prejudice before setting aside a verdict”); United States v. Bishop, 264 F.3d 535, 554 (5th Cir.2001) (“[OJnce the trial is complete, a felon’s serving as a juror is not an automatic basis for a new trial. The defendant must demonstrate that the juror was actually biased or fundamentally incompetent.”); Coughlin v. Tailhook Ass’n, 112 F.3d 1052, 1059 (9th Cir.1997) (“[TJhe participation of a felon-juror can be the basis for a new trial if the juror’s participation in the case results in ‘actual bias’ to one or more of the parties.”); United States v. Humphreys, 982 F.2d 254, 261 (8th Cir.1992) (“In an effort to obtain a new trial, it is incumbent upon the defendant to clearly demonstrate that the juror’s lack of qualifications presented actual bias or prejudice, affecting the juror’s impartiality and impacting the fairness of the trial. A challenge after the verdict without such a showing comes too late.” (footnote omitted)); United States v. Boney, 977 F.2d 624, 633-35 (D.C.Cir.1992) (holding that “the Sixth Amendment guarantee of an impartial trial does not mandate a per se invalidation of every conviction reached by a jury that included a felon” and remanding for an evidentiary hearing to determine whether the juror’s failure to disclose his status resulted in actual bias); Young v. United States, 694 A.2d 891, 895 (D.C.1997) (“[TJhe fact that the juror was statutorily ineligible to serve due to a felony conviction does not constitute prejudice per se meriting automatic reversal.”); People v. Duffy, 31 Misc.3d 799, 923 N.Y.S.2d 822, 825 (N.Y.Dist.Ct. 2011) (noting that “there is no per se rule requiring the setting aside of a jury verdict upon the postverdict discovery that a juror had previously been convicted of a felony,” and concluding that the defendant had failed to demonstrate actual bias).
In my opinion, whether actual bias existed should not be the appropriate consideration where a disqualified juror served in violation of statutory law. Rather, I would ‘conclude that if a jury is not properly comprised pursuant to section 40.013(1), it *710 is incapable-of rendering a valid verdict or advisory sentence. . Therefore, if writing on a clean slate, I would hold that the presence of a convicted felon on Boyd’s jury invalidated his trial from the outset, and he would be entitled to a new trial. Nevertheless, I recognize that the weight of the authority, including Florida precedent, is contrary to my position.
Other states, such as Texas and Virginia, have provided statutory remedies where a disqualified individual served on a jury. See Tex.Code Crim. Pro. Ann. art. 44.46(2) (Vernon 2014) (criminal defendant must demonstrate “significant harm” by service of disqualified juror); Va.Code Ann. § 8.01-352(B) (2014) (new trial will not be granted unless it appears that the legal disability of juror “probably causefd] injustice”). As these states have done, I Urge the Legislature to review the current law in Florida and enact a specific remedy to address the situation where a verdict is entered by a jury that was not properly comprised pursuant to the directives of the Florida Statutes. Without such a remedy in place, actual bias will remain the standard, despite the fact that this burden is virtually impossible to meet. Thus, the clear prohibition is meaningless. This extremely high standard operates to undermine the statutory prohibition in section 40.013(1). If service by a convicted felon almost never invalidates a verdict, subsection (1) basically has no operational effect post-trial.
Despite my deep disagreement with the use of the actual bias standard in this context, statutory change is x-equired to address the cuxrent injustice in Florida. Until the Legislature takes action, a paxty must meet a nearly insurmountable burden to obtain relief where a convicted felon served on his or her jury in clear violation of the law. Therefore, I am compelled to concur in result only.