People v Sturges (2018 NY Slip Op 05703)





People v Sturges


2018 NY Slip Op 05703


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-02984
2016-06985
 (Ind. No. 2443/14)

[*1]The People of the State of New York, appellant,
v
Thomas Sturges, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Lori Glachman of counsel), for appellant.
Carla Sanderson, New York, NY, for respondent.



DECISION & ORDER
Appeal by the People from (1) an order of the Supreme Court, Kings County (Raymond Guzman, J.), dated February 11, 2016, which granted the defendant's motion pursuant to CPL 330.30 to set aside his conviction of endangering the welfare of a child, and dismissed the indictment in its entirety, and (2) so much of an order of the same court dated May 27, 2016, as, in effect, upon reargument, adhered to the original determination in the order dated February 11, 2016.
ORDERED that the appeal from the order dated February 11, 2016, is dismissed, as that order was superseded by the order dated May 27, 2016; and it is further,
ORDERED that the order dated May 27, 2016, is reversed insofar as appealed from, on the law, upon reargument, the order dated February 11, 2016, is vacated, the defendant's motion to set aside his conviction of endangering the welfare of a child is denied, the indictment and the verdict are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant was charged with various offenses, based on certain sexual acts allegedly perpetrated by him against the 10-year-old complainant. The Supreme Court submitted 27 counts to the jury: 1 count of criminal sexual act in the first degree (Penal Law § 130.50[3]) regarding an alleged act of oral sexual conduct on or about and between July 2, 2013, and August 13, 2013; 25 counts of sexual abuse in the first degree (Penal Law § 130.65[3]), one for each day the defendant was alleged to have sexually abused the complainant; and 1 count of endangering the welfare of a child (Penal Law § 260.10[1]) alleged to have occurred on or about and between July 2, 2013, and August 13, 2013. The jury convicted the defendant of endangering the welfare of a child and acquitted him of all other charges.
Subsequently, the defendant moved pursuant to CPL 330.30(1) to set aside his conviction of endangering the welfare of a child, arguing that the prosecutor made improper remarks during summation, and that the evidence was legally insufficient to support his conviction. The Supreme Court did not rule on the issue of the prosecutor's alleged misconduct. On appeal, the [*2]defendant does not raise any arguments regarding prosecutorial misconduct, and any such argument would be unreviewable on this appeal in any event (see People v LaFontaine, 92 NY2d 470, 474). Accordingly, we do not consider the issue of prosecutorial misconduct on this appeal. The court granted the defendant's motion on the ground that the evidence was legally insufficient to support his conviction. It reasoned that, since the jury acquitted the defendant of the charges of criminal sexual act and sexual abuse, and there was no evidence of any other conduct that could support a conviction of endangering the welfare of a child, the verdict of guilty was based on legally insufficient evidence. The People moved for leave to reargue their opposition to the defendant's motion. In an order dated May 27, 2016, the court, in effect, upon reargument, adhered to its original determination. The People appeal.
Although the Supreme Court, in the order dated May 27, 2016, purportedly denied reargument, it did in fact reconsider the defendant's CPL 330.30 motion in light of case law cited by the People. Thus, the court, in effect, granted reargument, but adhered to its original determination. As such, an appeal properly lies from that order (see People v Sadowski, 173 AD2d 873, 873).
The Supreme Court erred in setting aside the defendant's conviction of endangering the welfare of a child on the ground that it was based on legally insufficient evidence because the jury acquitted him of the other counts alleging criminal sexual act in the first degree and sexual abuse in the first degree. The Court of Appeals has held that a factual inconsistency in the verdict does not render "the record evidence legally insufficient to support the conviction" (People v Abraham, 22 NY3d 140, 147). "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (People v Horne, 97 NY2d 404, 413, citing People v Rayam, 94 NY2d 557; see People v Ekwegbalu, 131 AD3d 982, 983). Thus, in this case, the acquittals of the criminal sexual act and sexual abuse counts did not render the evidence legally insufficient to support the conviction of endangering the welfare of a child (see People v Abraham, 22 NY3d at 147).
Although the Court of Appeals has noted that reviewing courts may consider jury acquittals "in some instances on legal issues such as the sufficiency of the evidence or errors in the admissibility of evidence" (People v Rayam, 94 NY2d 557, 563 n [citation omitted]; see People v Abraham, 22 NY3d at 146-147), such consideration is appropriate to the extent that the acquittal provides information about the basis of, or the theory underlying, the jury's finding of guilt on another count (see People v Yarrell, 75 NY2d 828, revg for reasons stated by dissent 146 AD2d 819; People v Osorio, 75 NY2d 80, 86). With this understanding of the basis or theory of the conviction on that other count, the court may then determine whether there was legally sufficient evidence to support that conviction (see People v Yarrell, 75 NY2d 828). That determination is based on an independent review of the evidence presented at trial, and is not controlled by the jury's acquittal on the other charge (see People v Abraham, 22 NY3d at 147 ["an acquittal is not a preclusive finding of any fact, in the same trial, that could have underlain the jury's determination"]).
To the extent that the defendant's motion could be construed as asserting a claim that the verdict was repugnant as a matter of law, that claim was not preserved for appellate review, and therefore could not be considered on a motion pursuant to CPL 330.30, since it did not present an issue of law which "would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30[1]; see People v Alfaro, 66 NY2d 985; People v Echevarria, 233 AD2d 200, 203; People v Sadowski, 173 AD2d at 873-874).
We note that the defendant's challenge to the count in the indictment charging endangering the welfare of a child as jurisdictionally defective is an alternative argument for affirmance, which cannot be considered by this Court (see People v Karp, 76 NY2d 1006; People v Goodfriend, 64 NY2d 695).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court